## SUPREME COURT.

FRANCIS ROEDER agt. DORMAN L. ORMSBY and LEONARD D. ORMSBY.

Where in an action for *negligence* in causing death, the complaint averred "that the plaintiff was, and will be compelled to pay $100 for medical attendance, funeral and other expenses, caused by the death of his son,"

*Held,* on a general demurrer to the whole complaint that it did not state a cause of action, that a good cause of action for these expenses was stated in the above averment. If a party will be compelled to pay the expenses referred to, it may be said they have been *incurred.*

The plaintiff can recover only for such expenses as are necessary and reasonable, but the omission of these words will not in a case like the present, vitiate the complaint.

*New York Special Term, October,* 1861.
DEMURRER to complaint.

JOHN FLANAGAN, *for defendants.*
WM. J. A. FULLER, *for plaintiff.*

LEONARD, Justice. The defendant has interposed a general demurrer to the plaintiff's complaint.

Roeder agt. Ormsby.

The complaint alleges that the servants of the defendants, while driving their cart, negligently and carelessly ran over the plaintiff's son, an infant under five years of age, who died from the injuries then received.

"That the plaintiff was, and will be compelled to pay $100 for medical attendance, funeral and other expenses, caused by the death of his son." "That he was also deprived of the comfort, society, fellowship, assistance and services of his son, to his loss and damage $5,000," and demands judgment for $5,100, and costs.

The plaintiff's counsel, on the argument, conceded that he could not recover for the loss "of comfort, society, fellowship, assistance or services of his son." This admission, frankly made, supersedes the necessity of considering that portion of the complaint.

The defendants' counsel, with equal frankness, admits the plaintiff's right to recover for necessary expenses actually incurred for medical attendance, and for reasonable funeral charges, required by the injuries complained of, or by the death of the plaintiff's son, but insists that the averments of the complaint are defective in these respects.

The language is somewhat inartificial, but it indicates sufficiently what are the expenses for which the plaintiff claims to recover. If a party will be compelled to pay the expenses referred to, I think we may say they have been incurred. The plaintiff can recover only for such expenses as are necessary and reasonable, but the omission of these words will not in this case vitiate the complaint. Some amount must inevitably have been incurred for the funeral charges. The "other expenses" mentioned can be ascertained by a bill of particulars, if the defendants require it; or the plaintiff may be required to make his complaint more definite and certain.

The demurrer is general to the whole complaint, alleging only that it does not state a cause of action.

I think a good cause of action has been stated in respect to these expenses.

A claim for injuries or damages for which no recovery in this action can be had, will not render the whole complaint vicious, if there is any damage mentioned which legitimately flows from the act complained of. The allegation or claim for damages by reason of the death of the child must be considered as surplusage or irrelevant matter. It is not a separate or distinct count. It might be stricken out on motion.

There being sufficient facts stated to constitute a cause of action, the demurrer must be overruled, with leave to the defendants to answer in twenty days.

In case the plaintiff amends his complaint, the costs of the demurrer will abide the event of the action. Otherwise, the order will direct the payment of costs by the defendants.

---

## SUPREME COURT.

