Thomas Murphy, as Administrator, etc., Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.

88 445
f164 63
164 153

In an action under the statute (chap. 450, Laws of 1847, as amended by chap. 78, Laws of 1870), to recover damages for negligence causing death, the necessary funeral expenses of the deceased are proper items of damages, where any of those for whose benefit the action is brought are legally bound to pay such expenses; and proof thereof is, therefore, competent. (Andrews, Ch., J., dissenting.)

It is immaterial that all of those interested in the recovery are not legally bound to pay such expenses.

(Argued March 2, 1882; decided March 24, 1882.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 28, 1881, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for alleged negligence causing the death of Ellen Murphy, plaintiff's intestate.

The deceased, on April 10, 1868, took a train known as the De Witt special, upon defendant's road, at Syracuse, to go to East Syracuse. The train in question was run for the purpose of carrying defendant's employes to the workshop upon their road, and it also carried passengers. By the side of track No. 3, and on the south thereof, was track No. 2, and south of that, track No. 1, of defendant's main line. After the train stopped the deceased alighted therefrom on the south side, in company with one Miss Brassell; on alighting they stepped upon track No. 2, and started in a southwesterly direction across the track toward the Butler gate. They had taken but a few steps when an express train struck and killed them. The administrator of Miss Brassell brought suit against defendant and recovered judgment; the case is reported in 84 N. Y. 241.

The plaintiff herein was the husband of the deceased; upon the trial as a witness in his own behalf he was asked and was permitted to state under objection and exception the amount of the necessary funeral expenses of the deceased.

*George N. Kennedy* for appellant.

*Hiscock, Gifford & Doheny* for respondent. The action being to recover the pecuniary damages sustained by the next of kin of the deceased, it was proper to show the nature of the services she was accustomed to render such next of kin. (*Lilley* v. *H. R. R. R. Co.*, 24 N. Y. 471.) It was proper to show the amount of the funeral expenses, they being a part of the pecuniary damages. (*Roeder* v. *Ormsby*, 22 How. Pr. 270.)

EARL, J.   There is no material difference between the facts of this case and those of the case of *Brassell* v. *N. Y. C. & H. R. R. R. Co.* (84 N. Y. 241), in which it appears that the deceased there was killed by the same accident, and hence upon the authority of that case this judgment must be affirmed, unless the exception taken by the counsel for the defendant to proof by the plaintiff of the necessary funeral expenses of the deceased was well taken. Section 2 of chapter 450 of the Laws of 1847, as amended by chapter 78 of the Laws of 1870, provides that the amount to be recovered in every case like this shall be "for the exclusive benefit of the husband or widow and next of kin" of the deceased person, and shall be distributed to the "husband or widow and next of kin" in the proportions provided by law in relation to the distribution of the personal property of persons dying intestate; and that the jury may give such damages as they shall deem a fair and just compensation, not exceeding $5,000, with reference to the pecuniary injuries resulting from the death to the husband or widow and next of kin of the deceased person.   Under a similar statute in England it has been held that funeral expenses cannot be recovered. (*Dalton* v. *South-eastern Ry. Co.*, 4 C. B. [N. S.] 296 ; *Boulter* v. *Webster*, 13 Weekly Rep. 289.) But in this country, so far as I can discover, it has been uniformly held that the plaintiff can recover such expenses if the law imposes upon the relatives for whose benefit the suit is brought the obligation to bear them. (*Penn. R. R. Co.* v. *Bantom*, 54 Penn. St. 495 ; *Owen* v. *Brockschmidt*, 54 Mo. 285 ; *Roeder* v.

*Ormsby*, 22 How. Pr. 270.)   The amount of the necessary
funeral expenses is an item of the pecuniary damages suffered
from the death by the party obliged to pay them, and here
these expenses fell upon the plaintiff, the husband of the de-
ceased.   The action was brought for the benefit of himself and
his children, and under section 11 of the act, chapter 782 of
the Laws of 1867, he was entitled to receive one-third of the
amount recovered, and the other two-thirds were to be divided
equally among his children.   Under the statute of 1847 as
amended it matters not that some of the next of kin for whom
the action is prosecuted may suffer greater pecuniary loss from
the death than others.   The sum to be recovered by the per-
sonal representative represents the entire pecuniary loss re-
sulting from the death to each and all the relatives mentioned
in the statute.   It is immaterial, therefore, that the children
were not bound to defray these funeral expenses and that all
of them fell exclusively upon the husband.   They form an
item of the pecuniary loss caused by the death, and were proper
for the consideration of the jury in estimating the damages to
be awarded.

The judgment should, therefore, be affirmed.

All concur, except Andrews, Ch. J., who dissents in respect
to allowance of funeral expenses ; Rapallo, J., absent.

Judgment affirmed.