[No. 2810. Decided March 24, 1898.]

D. R. NOBLE *et ux.*, *Respondents*, v. CITY OF SEATTLE, *Appellant.*

DEATH BY WRONGFUL ACT—PARTIES—CONSTRUCTION OF TERM "HEIRS."

Under Code Proc., § 138 (Bal. Code, § 4828), giving a right of action to heirs of any person whose death is caused by the wrongful act or neglect of another, the term "heirs" must be restricted to the widow and children of deceased, and does not include parents or collateral relatives, in view of the facts that another provision of the same section confines the right of recovery to "the widow or widow and her children, or child or children, if no widow;" that Code Proc., § 139 (Bal. Code, § 4829), gives a right of action to parents or guardian for death of a minor child or ward; and that Code Proc., § 148 Bal. Code, § 4838), provides that no action for personal injury occasioning death shall abate, but the right of action shall survive in favor of the wife and children. (DUNBAR, J., dissents.)

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*John K. Brown*, and *F. B. Tipton*, for appellant.

*G. H. Fortson*, for respondents:

Other states having statutes somewhat similar to those of Washington allow recoveries by parents of adult children. *Denver S. P. Co. v. Wilson*, 20 Pac. 341; *Railroad Co. v. Berron*, 5 Wall. (18 Law. ed.) 90; *Barnum, Adm'x, v. Chicago, M. & St. P. Ry. Co.*, 16 N. W. 364; *Schwartz, Adm'r, v. Judd*, 10 N. W. 208; *Southern Pac. Co. v. Lafferty*, 57 Fed. 536; *Ohio & M. Ry. Co. v. Wangelin*, 38 N. E. 760; *Colorado Coal & Iron Co. v. Lamb*, 40 Pac. 251; *Missouri Pac. Ry. Co. v. Henry*, 12 S. W. 828. Under a similar statute in Texas, the mother of a married woman who receives support from her may sue for damages. *Gulf, C., & S. F. Ry. Co. v. Southwick*, 30 S. W. 592.

The opinion of the court was delivered by

GORDON, J.—The respondents, father and mother respectively of Judson D. Noble, deceased, brought this action to recover damages for his death, claiming that it was caused by the negligent, careless and wrongful act of the city in not keeping one of its streets in a safe condition for public travel. It appears from the record that in passing over a street in the city of Seattle known as Railroad avenue, which runs along the water front, the deceased fell through the planking and was drowned. The deceased at the time of his death was over the age of 21 years, had never been married, and left neither wife nor child. Respondents have been divorced for a number of years, and reside in different states. By way of an affirmative defense the answer contained the following allegation:

" And for a further answer and as new matter constituting a second affirmative defense to said second amended complaint the defendant alleges that said Judson D. Noble at the time of his death was over the age of twenty-one years, and that he left surviving him no widow, or child, or other descendant."

A demurrer to this defense was sustained by the lower court, and this ruling constitutes one of the errors argued and assigned on this appeal. Section 138 of 2 Hill's Code, (Bal. Code, § 4828) is as follows:

" Sec. 138. The widow, or widow and her children, or child or children if no widow, of a man killed in a duel, shall have a right of action against the person killing him, and against the seconds and all aiders and abettors. When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or when the death of a person is caused by an injury received in falling through any opening or defective place in any sidewalk, street, alley, square or wharf,

his heirs or personal representatives may maintain an action for damages against the person whose duty it was, at the time of the injury, to have kept in repair such sidewalk or other place.  In every such action the jury may give such damages, pecuniary or exemplary, as under all circumstances of the case may to them seem just."

Section 139, 2 Hill's Code (Bal. Code, § 4829), gives the right of action to a father or mother and guardian for death, by a wrongful act, of a minor or ward.  It is the contention of the appellant that the word "heirs," as used in § 138, does not include parents or collateral relatives, but only includes the widow and child or children of the person whose death is caused by the wrongful act of another.  In support of this contention it is pointed out that by the plain terms of the statute the right of action is specifically limited to the widow and child or children of a man killed in a duel, and it is urged that there can be no sound reason for denying it, as to the parents in that case, and conferring it upon them in the case of death by wrongful act.  As pointed out by this court in *Atrops v. Costello,* 8 Wash. 149 (35 Pac. 620), the first part of § 138, as contained in the present code, was enacted in 1873, and the remainder of the section as now found in the code was not enacted until 1875, when the legislature enacted it as an additional section.  The question here presented has never been decided by this court, and because of the dissimilitude between the various statutory provisions on the subject the cases decided elsewhere are of little value.  There is a greater similarity between these provisions of our own statute and those of the state of Kentucky relating to the same subject than we have been able to find elsewhere; and in a long line of decisions in that state it is held that the word "heirs" does not include parents or collateral relatives.  *Henderson's Adm'r v. Kentucky Central R. R.*

*Co.*, 86 Ky. 389 (5 S. W. 875); *Jordan's Adm'r v. Cincinnati, N. O. & T. P. Ry. Co.*, 89 Ky. 40 (11 S. W. 1013); *Henning's Adm'r v. Louisville Leather Co.*, 12 S. W. 550; *Louisville & N. R. Co. v. Coppage*, 13 S. W. 1086.

Section 3, ch. 57, Gen. Stat. Ky., provides that

"If the life of any person is lost or destroyed by the willful neglect of another person, . . . company or corporation, . . . then the *widow, heir, or personal representative* of the deceased shall have the right to sue," etc.

Commenting upon this statute, the court in *Henderson's Adm'r v. Kentucky C. R. Co.*, *supra*, say:

"No others sustain as near a relation to, are so dependent upon, or have the same legal right to look for a support to a person as his wife and children, especially those of the latter who may be minors. Therefore, the injury resulting from his death at the hands of another to them is actual and direct, while to his collateral heirs it is remote and not immediate, and as to creditors it may not exist at all. *We are unable to perceive any reason for giving to the widow and minor child the exclusive right to sue for and recover damages for the loss of the life of a person in a duel, or by the careless or malicious use of firearms, that does not apply with equal force when it is destroyed by willful neglect.* In each case the widow and child have been deprived of the society and support of the husband and father by the criminal or *quasi* criminal act of another. And, whether the injury has been done in one or another of the three modes denounced in the statutes, the consequences to them are the same, and it would seem they ought to be entitled to the same reparation.

"Therefore, looking to the reason for the statutory right to sue and recover damages for the destruction of the life of one person by the act of another, and to the necessity, when it can be properly done, of so construing each part of the General Statutes as to preserve the consistency of the whole, we are of the opinion that the widow and child or children have the prior right to sue for, and the exclusive right to what may be recovered in an action author-

ized by section 3, chapter 57. And though the right to
institute such an action is given to the personal representa-
tive, we think, for the reasons indicated, he can  exercise
that right only for the use and benefit of the widow and
child if there be any. It is, we think, also evident that the
word 'heir' was intended to mean 'child,' and not to apply
to any other description of person.

" What proportion of the amount recovered the widow
and children may be respectively entitled to, whether the
right belongs to adult as well as minor children, and wheth-
er the personal representative may maintain such an action
in case there be neither widow nor child of the person
whose life has been so destroyed, are questions not involved
in this case, and not decided."

In *Jordan's Adm'r v. Cincinnati, N. O. & T. P. Ry.
Co., supra,* the action was by the administrator, and in the
answer it was pleaded in bar of the recovery that deceased
left no widow or child. To this the plaintiff replied that
the deceased left as heirs a father, mother, sister and broth-
er. Upon the question thus presented the court say:

" No person has a legal cause of action against another
for a wrongful or negligent act, and it may be safely said
legislative power to give it does not exist, unless he has
sustained pecuniary injury by it. For the foundation of
every action for a tort is actual pecuniary injury, without
which there can be legally assessed neither compensatory
nor punitive damages. It seems to us clear it was not in-
tended that creditors of the deceased should have any part
of what may be recovered under section 3, chapter 57, and
that the personal representative can maintain an action for
the cause therein mentioned, only for the use of the widow
and heir.  .  .  .  As, then, the widow is entitled to
maintain such action, and, as a necessary consequence, to
share with the heir what is recovered, the single question
to be determined is, what meaning the legislature intended
to be given to the word 'heir,' as therein used. It must be
either so limited as to mean 'child' or so extended as to
include collateral kindred of the deceased, however remote,

if it can be fairly applied to them at all;   for the right to sue for and recover punitive, which presupposes also compensatory damages, is given by the statute without condition or qualification."

And the court concludes that the word 'heir' as used in their statute means 'child' and "does not include parents or collateral relatives."

We have quoted at length from these cases because in our judgment they are peculiarly applicable to the one we are considering, and we have been unable to find any others that are.   It is familiar law that interpretation may contract as well as expand the meaning of words used in a statute, when the harmony of the legal system so requires. That it was the intention of the legislature to limit the right of action in cases like the present to those heirs, and only to those heirs, to whom the deceased   while living owed the legal duty of support, is further evidenced by § 148, 2 Hill's Code (Bal. Code, § 4838), which is as follows:

" Sec. 148.   No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine by reason of such death if he have a wife or child living, but such action may be prosecuted, or commenced and prosecuted, in favor of such wife, or in favor of the wife and children, or if no wife, in favor of such child or children."

It is true that that part of § 138 which gives rise to the present controversy was   passed   subsequently to § 148, *supra*, but we do not think that the latter section was thereby repealed.   In the first place there are no express words of repeal, and it ought not to be construed as working any change further than its direct terms require.   There is no direct conflict between the acts and "presumption has no room to work."

We do not think that §§ 3088 and 3089, 1 Hill's Code (Bal. Code, §§ 376, 377), have any bearing on this case. In substance, they require children to support their indigent parents. The obligations which these sections impose do not extend to all heirs, but only those in close relationship with the indigent person. For instance, a nephew is not required to support his uncle, and yet if the word "heirs," as used in § 138, *supra*, is to be rendered literally, not only nephews but many other heirs can maintain actions like the present.

While in general the term "heirs" includes collateral kindred and those who take under the statute of distribution we think that in view of the entire legislation upon the subject it never was intended that parents or remote ancestors might maintain actions like the present, and that the word "heirs" as used in § 138 should be held to include only those persons who are thereinbefore specifically mentioned, viz.: " The widow, or widow and her children, or child or children if no widow." It follows that the demurrer was improperly sustained. The other assignments require no attention.

The judgment appealed from is reversed and the cause remanded with direction to the lower court to overrule the demurrer.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.

DUNBAR, J.—I dissent. I think the right is conferred by the plain language of the statute, which is not susceptible of construction.