### ERICKSON v. PACIFIC COAST STEAMSHIP CO.

(Circuit Court, D. Washington, W. D.    August 14, 1899.)

**1. ACTION FOR WRONGFUL DEATH—WHAT LAW GOVERNS.**
  A right of action for wrongful death is governed by the law of the place where the tort which caused the death was committed.

**2. SAME—ALASKA STATUTES.**
  Under the statutes of Oregon, adopted by act of congress as the laws of Alaska, which give the personal representative of a deceased person a right of action for the wrongful death of his decedent, where the latter, had he lived, might have maintained an action for the act or the negligence which caused the death, the wrongful or negligent killing of a person in Alaska creates a cause of action in favor of his administrator, though appointed in a different state, where the decedent was domiciled, which may be enforced in any court having jurisdiction of the subject-matter and the parties.[1]

This is an action by an administrator to recover damages for the wrongful death of his decedent.   On demurrer to complaint.   Overruled.

Pritchard & Haight, for plaintiff.
S. H. Piles and Donworth & Howe, for defendant.

HANFORD, District Judge.   The demurrer to the complaint in this case raises the question whether the administrator of the estate of a deceased person in the state of Washington can maintain an action to recover damages for a personal injury to his decedent causing death, the injury being committed in Alaska, and there being no widow or children of the deceased to benefit by the recovery.   The complaint in this case contains no allegation that the deceased person, of whose estate the plaintiff is administrator, left surviving him any widow or children, and presumably there are no such relatives. As the laws of this state do not authorize an action by an administrator to recover damages for the infliction of an injury causing death, except for the benefit of the immediate family,—that is, wife and children of the deceased (Noble v. City of Seattle, 19 Wash. 133, 52 Pac. 1013),—it is insisted that the plaintiff has no right to maintain the action.   If the injury complained of had been inflicted in this state, the defendant would be certainly right in the position it has taken, but the law of the place where the wrong was committed must determine the rights of the parties.   Railroad Co. v. Babcock, 154 U. S. 190, 203, 14 Sup. Ct. 978.

The laws of the state of Oregon, which by an act of congress have been adopted as laws of Alaska, confer upon the personal representatives of a deceased person a right of action to recover damages for the wrongful act or omission of another, causing death, in cases in which the deceased, if he had lived, might have maintained an action for the injury to himself by the same act or omission.   The serious question in the case is whether this statute creates any right in favor of personal representatives residing and acting beyond the

[1] As to death by wrongful act, see note to Railroad Co. v. Wilson, 1 C. C. A. 33.

limits within which the laws of Alaska have force, and whose authority to represent the deceased does not spring from the laws of Alaska. I consider, however, that the question is practically settled in favor of the plaintiff by the decisions of the supreme court of the United States in the cases of Dennick v. Railroad Co., 103 U. S. 11–21, and Stewart v. Railroad Co., 168 U. S. 445–450, 18 Sup. Ct. 105, and upon the authority of these decisions I will overrule the demurrer.