PETERMAN v. NORTHERN PAC. RY. CO.

(Circuit Court, D. Washington, E. D. December 13, 1900.)

1. WRONGFUL DEATH—RIGHT OF ACTION FOR DAMAGES—IDAHO STATUTE.

Rev. St. Idaho 1887, § 4100, giving a right of action for wrongful death to the "heirs or personal representatives" of the deceased, having been copied from the statute of California after the latter had been given a construction by the supreme court of the state sufficiently liberal to include as a beneficiary a parent who has suffered an actual pecuniary loss by the death of a son caused by the wrongful or negligent act of another, the legislature of Idaho must be presumed to have adopted the known judicial interpretation of the act as well as the text.

2. SAME—PARTIES ENTITLED TO SUE—PARENT.

A mother who is the sole heir of an unmarried adult son, and entitled to recover damages for his wrongful death, under a statute giving a right of action therefor to the "heirs or personal representatives" of the deceased, may maintain an action for the recovery of such damages in her own name.

## At Law. Demurrer to complaint overruled.

Action at law to recover damages for the death of the plaintiff's adult unmarried son, which occurred in the state of Idaho, while he was working for the defendant as a locomotive fireman. In her complaint the plaintiff alleges that she is a widow, and the sole heir of her son; that she was dependent upon him for support; and that his death was caused by negligence on the part of the defendant. Her claim to damages is based upon a statute of the state of Idaho, which provides that, "when the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section such damages may be given as under all the circumstances of the cause may be just." Rev. St. Idaho 1887, § 4100.

Robertson & Miller, for plaintiff.
Stephens & Bunn, for defendant.

HANFORD, District Judge. The statutes of the state of Washington, as construed by the supreme court of this state and by this

court, give a right to damages for a wrongful act or negligence causing the death of a person not a minor, only when there is a surviving widow, or child or children, or widow and child or children, of the deceased to whom damages may be awarded. Noble v. City of Seattle, 19 Wash. 133, 52 Pac. 1013, 40 L. R. A. 822; Nesbitt v. Railway Co. (Wash.) 61 Pac. 141; Dueber v. Railway Co. (C. C.) 100 Fed. 424. And the argument in support of the demurrer in this case is that, as the Idaho statute has not been judicially construed by the supreme court of that state, the restricted interpretation should be given to it which has been given to the Washington statute in the decisions above cited. This argument would have great force if the statutes of the two states were identical. But they are not identical. Section 4828, Ballinger's Ann. Codes & St., contains substantially the same provisions as the Idaho statute above quoted, and other provisions not found in the Idaho statute. Section 4838, Ballinger's Ann. Codes & St., relative to the same subject, also differs from any provision of the Idaho statutes; and the decisions above referred to show plainly that the courts in this state adopted a narrow definition of the words "heirs" and "personal representatives," in order to so interpret the statutes that claims of equal merit would be established or defeated by the application of one uniform rule. If the provisions of the Washington statutes, which are not found in the Idaho statutes, should be eliminated, the decisions referred to would cease to have any virtue as precedents, because the reasons upon which they are based would cease to be. The Idaho law appears to have been copied from the Code of California after the decision by the supreme court of California of the case of Taylor v. Railroad Co., 45 Cal. 323. This being so, the rules for the interpretation of statutes justify an inference that the legislature of Idaho intended to adopt the known judicial interpretation of the act as well as the text. Tucker v. Oxley, 5 Cranch, 34, 42, 3 L. Ed. 29; Pennock v. Dialogue, 2 Pet. 1, 18, 7 L. Ed. 327; Railroad Co. v. Moore, 121 U. S. 558, 572, 7 Sup. Ct. 1334, 30 L. Ed. 1022; Warner v. Railway Co., 164 U. S. 418, 423, 17 Sup. Ct. 147, 41 L. Ed. 495; Willis v. Banking Co., 169 U. S. 295, 311, 18 Sup. Ct. 347, 42 L. Ed. 752. The California statute, as construed by the supreme court of California, is sufficiently liberal to include as a beneficiary a parent who has suffered an actual pecuniary loss by the death of a son, caused by the wrongful act or neglect of another person; and a mother who is the sole heir of the decedent, and entitled to damages for his death, may sue in her own name. 8 Am. & Eng. Enc. Law (2d Ed.) 891; Munro v. Reclamation Co., 84 Cal. 515, 24 Pac. 303. It is my opinion that this plaintiff has the same rights under the laws of Idaho. Demurrer overruled.