(No. 5485.   Decided July 18, 1905.)

CHRISTIAN JOHNSON *et al., Appellants,* v. SEATTLE ELECTRIC COMPANY, *Respondent.*[1]

DEATH BY WRONGFUL ACT—RIGHT OF ACTION—HEIRS LIMITED TO WIDOW AND CHILDREN—STARE DECISIS. Upon the principle of *stare decisis,* the word "heirs" in Bal. Code, § 4828, descriptive of the persons who may maintain actions for the wrongful death of another, is restricted to the widow and children of the deceased, and cannot be extended to the widower on the principle that widow and widower can be used interchangeably in the statute.

ACTIONS—JOINDER—FOR DEATH BY WRONGFUL ACT AND FUNERAL EXPENSES—FATHER AND SON PLAINTIFFS. A right of action in favor of a widower for funeral expenses, against one who caused the wrongful death of his wife, cannot be joined with an action under the statute by a minor son for the death of his mother.

PLEADING—DEMURRER—TRIAL—DISMISSAL ON FAILURE TO AMEND. Where two causes of action are improperly joined, and a demurrer on that ground is sustained, a plaintiff whose complaint stated a good cause of action cannot complain of the dismissal of the action upon sustaining the demurrer, when he elected not to amend his complaint.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 28, 1904, dismissing an action for damages for wrongful death, upon sustaining a demurrer to the complaint.   Affirmed.

*George Fowler* and *Root, Palmer & Brown,* for appellants.
*Hughes, McMicken, Dovell & Ramsey,* for respondent.

HADLEY, J.—The plaintiffs in this action are, respectively, the surviving husband and minor son of Mattie Johnson, deceased. They jointly brought this action to recover damages on account of the death of said Mattie Johnson. They allege that death resulted from injuries received by her in a street railway accident, in Seattle, while she was a passenger upon one of the defendant's cars. In addition to

[1] Reported in 81 Pac. 705.

general damages, the plaintiffs allege that they have incurred great expense in and about the funeral and burial of the deceased, and that they have been damaged thereby.

The defendant demurred to the complaint upon two grounds, (1) that several causes of action have been improperly united; (2) that the complaint does not state facts sufficient to constitute a cause of action as to Christian Johnson. The demurrer was sustained. The order sustaining the demurrer recites that, in the opinion of the court, the claim for damages for the loss of the services, society, nurture, and counsel of the deceased is a separate and distinct cause of action·from the claim for recovery on account of funeral and burial expenses; that the plaintiff Christian Johnson, the surviving husband, has no interest in the first mentioned claim; that the plaintiff Merinus Colmer Johnson, the minor son, has no interest in the last mentioned claim, and that, therefore, said two claims cannot be properly prosecuted in the same action. The demurrer was sustained on the ground that several causes of action were improperly united in the complaint. The order gave the plaintiffs leave to amend their complaint, but they elected not to amend and, on motion of the defendant for judgment against the plaintiffs, the motion was granted, and judgment was entered that plaintiffs, shall take nothing by their action. They have appealed from the judgment.

Appellants urge that the surviving husband has a cause of action for the death of his wife, and that he may join with the child in bringing suit for such death, within the terms of Bal. Code, § 4828. This court held, in *Noble v. Seattle,* 19 Wash. 133, 52 Pac. 1013, 40 L. R. A. 822, that the word "heirs," as used in that statute descriptive of the persons who may maintain actions for the death of others, is restricted to the widow and children of the deceased. That construction was followed in *Nesbitt v. Northern Pac. R. Co.,* 22 Wash. 698, 61 Pac. 141, and was approvingly mentioned in *Robinson v. Baltimore & S. Min.*

*etc. Co.,* 26 Wash. 484, 67 Pac. 274. The still later case of *Manning v. Tacoma R. & Power Co.,* 34 Wash. 406, 75 Pac. 994, was appealed to this court for the frankly avowed purpose of effecting a reinvestigation of the question, to the end that *Noble v. Seattle,' supra,* might be overruled. In that case the court declined to reopen the subject, and declared that it considered the question as settled under the rule of *stare decisis.*

Appellants say, however, that the rights of a surviving husband have not been involved in any of the decided cases. In the first case cited, the suit was brought by the father and mother of the deceased; in the second, by the mother; and in the last, by the mother. The third case mentioned was not one directly involving a construction of the statute, since it was brought by the surviving widow and children, as to whose right to sue no question has ever been raised. It appears, therefore, that no case has before been presented to this court where the surviving husband was seeking by authority of this statute to recover for the death of his wife. Appellants argue that it is the spirit and intent of the statute that the widower and minor children shall be accorded the same rights in case of the wrongful death of the wife and mother as are given to the widow and minor children in case of the wrongful death of the husband and father. It is insisted that, under our community property system, which gives to the spouses equal shares of all that is acquired by their joint efforts, it follows that they are of equal value to each other, and that the death of the wife must, in legal contemplation, constitute a pecuniary loss to the husband. exactly equal to her loss in case of his death.

We need not undertake to analyze the argument. Whether it be sound or not is a question for legislative consideration. The right of either husband or wife to sue for the death of the other must depend upon legislation authorizing it, and if the statute in question does not authorize the husband to sue, then appellants' argument as to the mutual per-

sonal and property relations of the two is of no avail. Under the rule of *stare decisis,* we think this cannot be said to be an open question. When the court formerly reached the conclusion that the word "heirs," as used in the statute, did not include parents, it did so only upon the theory that the term was limited to the persons theretofore specifically mentioned in the statute. In *Noble v. Seattle, supra,* the argument was concluded as follows:

". . . the word 'heirs,' as used in § 138, should be held to include only those persons who are thereinbefore specifically mentioned, viz.: 'The widow or widow and her children, or child or children if no widow.'"

Discussing the subject of *stare decisis,* in 26 Am. & Eng. Ency. Law (2d ed.), 171, the writer says:

"A proposition assumed or decided by the court to be true, and which must be so assumed or decided in order to establish another proposition which expresses the conclusion of the court, is as effectually passed upon and settled in that court as the very matter directly decided."

See, also, *School Trustees v. Stocker,* 42 N. J. L. 115. In *Brown v. Chicago etc. R. Co.,* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771, 44 L. R. A. 579, the court said:

"It is a mistaken opinion that nothing is decided in a case except the result arrived at. All the propositions assumed by the court to be within the case, and all the questions presented and considered, and deliberately decided by the court leading up to the final conclusion reached, are as effectually passed upon as the ultimate questions solved."

With the construction already given this statute by this court, it cannot be held that the legislature intended to confer a right of action upon a surviving husband. If it had intended to confer so valuable a right upon a widower in his own behalf, it would doubtless have so said in express terms.

Appellants cite decisions of this court to the point that "widow" and "widower" may become interchangeable terms in a statute. *In Re Murphy's Estate,* 30 Wash. 9, 70 Pac. 109; *In re Feas' Estate,* 30 Wash. 51, 70 Pac. 270. In

those cases the benefit of the children was the manifest end
sought by the statute, and not a direct benefit to the sur-
viving husband.   To effect the purpose of the statute it be-
came necessary to read the word "widow" as "widower."
Unless the legislative intention to use the terms interchange-
ably is manifest, they should not be so considered.   For
especially apt reasoning in this connection, we refer to
*Western Union Tel. Co. v. McGill,* 57 Fed. 699, 21 L. R.
A. 818.   Judge Sanborn, in delivering the opinion of the
United States circuit court of appeals, eighth circuit, in
that case, involving the Kansas statute relating to actions of
this character, reviewed an argument made by counsel similar
to that made by appellants here.   The statute under con-
sideration was as follows:

"When the death of one is caused by the wrongful act
or omission of another, the personal representatives of the
former may maintain an action therefor against the latter,
if the former might have maintained an action had he lived,
for an injury for the same act or omission.   The action must
be commenced within two years.   The damages cannot exceed
ten thousand dollars, and must inure to the exclusive bene-
fit of the widow and children, if any, or next of kin, to be
distributed in the same manner as personal property of the
deceased."

The court was urged to hold that the word "widow," as used
in the above statute, should be construed to mean "widower"
in cases where the wife has been killed.   Discusssing that
argument, the court said as follows:

"Finally, it is said that the word 'widow' in this statute
ought to be construed to mean 'widower' in every case where
the wife has been killed; that the legislature must have in-
tended to include him in the class of the widow and chil-
dren, because he must often suffer great pecuniary loss by
the death of his wife.   If there was any ambiguity in this
statute, we might speculate on the probable intention of the
legislature, and consider who ought to be added to the first
class which they have formed.   We might consider that,
where a husband is killed, who is the only support of aged

and infirm parents who have spent the best years of their lives to educate him and establish him in business, every consideration of justice and humanity demands that these parents should be counted as members of the class of the widow and children; that when a married woman is killed, whose kindness, sympathy, and care have furnished the only consolation and support of an invalid sister, she ought to be added to this class; and that in every case those who suffer most severely from the death should be deemed the widow and children of the deceased, and should receive the exclusive benefit of the recovery in the action.

"If we entered upon this inquiry it would not fail to occur to us, however, that when the legislature gave these damages to the widow and children they may have considered that the husband is, and ought to be, the provider for and supporter of the family; that his death often leaves the widow and children helpless, without the power to earn the means needed to purchase the necessaries and comforts of life; that the burden of supporting and providing for the family is seldom cast upon the wife; that, where it is, the husband is sometimes unworthy to share in the damages for her death, and they ought to go to the children exclusively, and that, where it is not, her death will not be the pecuniary loss to the family that the death of the husband must have been, since the supporter of the family still remains, and can provide the means for its support. We shall not enter upon these speculations. They present matters proper for the consideration of the legislature of the state of Kansas, but the terms of the statute are too clear to permit us to indulge in them. This statute does not put in its first class the infirm parents, the invalid sister, or the bereaved husband. It places no one there but the widow and children. To the pressing invitation to us to add others to the list, we answer in the words of the supreme court of Kansas: 'We do not make the law. If there is any omission in the statutes, the remedy is with the legislature.' *Limekiller v. Railroad Co.*, 33 Kan. 83, 5 Pac. 401."

Christian Johnson had, therefore, no cause of action for the loss of his wife. Respondent concedes that he is entitled to recover any amount he may have paid for funeral expenses, but urges that he cannot join his action therefor

with the action on behalf of the minor child for the loss of the mother. In this view we concur. If the father paid the amount from his own estate, then he is entitled to recover it for his own use. If it was paid from the community estate, in which appellants say the child has an interest, then it is recoverable by an administrator of the community estate. In any event, therefore, the causes of action are improperly joined. It is urged that the cause of action in favor of the minor son for the loss of his mother should have been permitted to stand. It was, however, improperly joined with another. This is a statutory ground of demurrer, and the demurrer was properly sustained upon that ground. The order sustaining the demurrer gave leave to amend, so that the son might have separately stated his cause of action. He declined to amend, and there remained nothing for the court to do but render judgment for the respondent.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, and DUNBAR, JJ., concur.

ROOT, J., being disqualified, took no part.