[No. 6615.   Decided April 4, 1907.]

C. W. PHILBY, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY *et al., Appellants.*[1]

DEATH—RIGHT OF ACTION—HUSBAND AND WIFE—DAMAGES—FUNERAL EXPENSES. A husband can recover for his loss of time and funeral expenses resulting from the wrongful death of his wife, irrespective of statutes.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered March 23, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for the death of plaintiff's wife. Affirmed.

*B. S. Grosscup, A. G. Avery,* and *G. C. Israel,* for appellants.

*Troy & Falknor,* for respondent.

CROW, J.—Action by C. W. Philby against the Northern Pacific Railway Company and the Black Hills & Northwestern Railway Company, corporations, to recover damages

[1]Reported in 89 Pac. 468.

for loss of time and funeral expenses, rendered necessary by the negligent and wrongful acts of the defendants in causing the death of Lula Bland Philby, the plaintiff's wife. From a judgment in favor of the plaintiff, the defendants have appealed.

The sole question on this appeal is whether the respondent, a husband, can recover for loss of time and funeral expenses directly resulting from negligent acts of the appellants, which caused the death of his wife. The trial court, following *Johnson v. Seattle Electric Co.*, 39 Wash. 211, 81 Pac. 705, held that the respondent was entitled to recover. The appellants contend that such holding was erroneous. They insist that in the *Johnson* case this court followed *Noble v. Seattle*, 19 Wash. 133, 52 Pac. 1013, 40 L. R. A. 822, by definitely holding that, under Bal. Code, § 4828 (P. C. § 256), a husband cannot maintain an action for damages resulting from the wrongful death of his wife; that the language in the *Johnson* case upon which the trial court based its decision was undoubtedly used by this court without consideration, and can be attributed to the fact that liability for funeral expenses was conceded by the respondent in its brief; that it would be an anomaly for us to hold a husband has no cause of action for the death of his wife, and at the same time permit him to recover damages growing out of her death; that the statute gives him no such right of action; that he could not sue at common law; citing *Baker v. Bolton*, 1 Campbell 493; that the only departure from the common law rule has been made by Lord Campbell's act, and similar statutes in this country; that such acts have only extended a right of action to certain specified beneficiaries; and that under § 4828, *supra*, the statute of this state, as repeatedly construed by this court, the husband of a deceased wife is not such a beneficiary. In brief, the appellants contend, (1) that the respondent has no right of action at common law; (2) that no right of action has been conferred upon him by any statute, naming him as a beneficiary, and (3) that hav-

ing neither a common law nor a statutory right of action he cannot recover.

Statutes permitting a husband or any other beneficiary to recover damages for the wrongful death of a wife or relative are based upon the idea of giving compensation for loss of services, companionship, etc. In other words, they were intended to award compensation for a human life, giving damages of a character which, although real, were theretofore not the subject of judicial computation and could not be allowed or estimated by any exact rule of mathematical calculation. In such statutory actions the exact damages to beneficiaries cannot be accurately proven, but juries, after being advised of all the material facts and circumstances, such as the health, habits, age, expectancy of life, capacity to earn money, habits of economy, etc., of the decedent, are called upon to award such damages as in the exercise of their judgment they conclude will be a just compensation. Such damages in their very nature differ materially from the pecuniary loss for funeral expenses and loss of time sustained by a husband, whose wife is killed by the wrongful or negligent act of another. The wife's death imposes upon the husband the financial burden of funeral expenses which he must pay. At common law he was bound to bury his deceased wife in a suitable manner, and defray the necessary expenses thereof if he possessed the means. 13 Cyc. 273. Such expenses can be exactly estimated, and while in one sense they may have ensued from the death of the wife, they are more strictly speaking a financial loss resulting directly from the negligent acts of another.

Although the appellants have cited an English case, *Baker v. Bolton, supra*, to show that: "In a civil court the death of a human being could not be complained of as an injury," they have failed to cite, and we are unable to find, any authorities going so far as to hold that, in the absence of express statutory provision therefor, a claim for funeral expenses such as the one presented in this action cannot be

recovered.  In *Dalton v. The South-Eastern R. Co.*, 4 C. B.
(N. S.) 296, the plaintiffs, husband and wife, were permitted
to recover for the wrongful death of their son, who, although
above the age of majority, had contributed to their support,
the action being founded on Lord Campbell's act.  The jury,
with other items of damages, allowed ten pounds for funeral
expenses and fifteen pounds for mourning.  These and other
items were resisted by the defendant, and the court in render-
ing judgment said:

"As to the expenses of the funeral and mourning, however,
we think they ought not to be allowed.  The subject-matter
of the statute, is, compensation for injury by reason of the
relative not being alive: and there is no language in the
statute referring to the cost of the ceremonial of respect paid
to the memory of the deceased in his funeral, or in putting
on mourning for his loss."

According to this theory Lord Campbell's act would not per-
mit any recovery for funeral expenses.  Some of the Ameri-
can courts, however, have permitted such a recovery.  See
13 Cyc. 374, and cases cited in note 29.  In *Murphy v. New
York Central etc. R. Co.*, 88 N. Y. 445, such an act was con-
strued, and the court not only held that funeral expenses
could be recovered, but also recognized them to be an item
of pecuniary damages which only one of the plaintiffs was
obliged to pay, and which were different from the ordinary
damages allowed by reason of the statute.  See, also, *Hough-
kirk v. President etc.*, 92 N. Y. 219, 44 Am. Rep. 370;
*Roeder v. Ormsby*, 22 How. Pr. 270.

The appellants, in support of their contention that the re-
spondent cannot recover, vigorously urge the construction
placed upon the word "heirs" in § 4828, *supra*, in the fol-
lowing cases:  *Noble v. Seattle, supra; Nesbitt v. Northern
Pac. R. Co.*, 22 Wash. 698, 61 Pac. 141; *Robinson v. Balti-
more etc. R. Co.*, 26 Wash. 484, 67 Pac. 274; *Copeland v.
Seattle*, 33 Wash. 415, 74 Pac. 582; *Manning v. Tacoma
R. & Power Co.*, 34 Wash. 406, 75 Pac. 994; *Johnson v.
Seattle Electric Co.*, 39 Wash. 211, 81 Pac. 705.

In *Manning v. Tacoma R. & Power Co., supra,* although adhering to the rule previously announced in *Noble v. Seattle, supra,* we said:

"We think it proper to say that, as this court is now constituted, if the question were now here as one of original statutory construction, it is not improbable that a different construction would be adopted."

While still adhering to the construction heretofore placed on this statute, we do not feel inclined to extend the same, and therefore decline at this time to announce the rule that the respondent cannot recover in this action for his loss of time and his disbursement for funeral expenses, which as damages resulted directly from the wrongful acts of the appellants.

In the early English case of *Higgins v. Butcher,* Yelverton Reports, 89, the plaintiff declared that "the defendant assaulted and beat, etc., A., his wife such a day, from which she died such a day following; to his damage," etc. Tanfield, Justice, speaking for the court, said:

"If a man beats the servant of F. S. so that he dies of that battery, the master shall not have an action against the other for the battery and loss of the service, because the servant dying of the extremity of the battery, it is now become an offense to the Crown, being converted into felony, and that drowns the particular offense, and private wrong offered to the master before, and his action is thereby lost."

This opinion was rendered in 1607, and no kindred English case seems to have been reported until 1806, when Lord Ellenborough held, in *Baker v. Bolton, supra,* cited by appellants, that in a civil court the death of a human being could not be complained of as an injury. In *Worley v. Cincinnati etc. R. Co.,* 1 Handy (Ohio) 481, a husband sued to recover damages resulting from the wrongful death of his wife, asking $5,000 for the loss of her services, and also stating that he had expended a considerable sum for funeral charges. The

question involved was his right to recover these damages independent of statute.  Mr. Justice Storer, in a very able opinion, reviews the authorities, and, discussing *Higgins v. Butcher, supra,* said:

"The reasoning in Yelverton we could not adopt, as it is inapplicable to our judicial proceedings.  We have no felonies as at common law or by the British statutes; the commission of crime here works no corruption of blood, or attainder of estate; the individual doing the wrong, though punishable to the extremity of the law, is still liable for the personal injury he inflicts, and his estate may be legally subjected, by way of indemnity, to the injured party."

Referring to the later case of *Baker v. Bolton, supra,* the learned justice further said:

"The ground of Lord Ellenborough's opinion is more in consonance with our jurisprudence, and gives a broader rule for the decision of the question.  It was confined, however, to a single point, and did not present, so fully as might have been expected from so profound a jurist, the whole argument; but we may well suppose, that where no precedent could be found for the action, a simple negation of the right to recover was all that he deemed it necessary judicially to affirm.  When it is said that the death of a human being can not be made the subject of damages in a civil action, we must infer that to allow the remedy in such a case would be inconsistent with the policy of the law that will not permit the value of human life to become the subject of judicial computation."

The value of Mrs. Philby's life has not become the subject of judicial computation in this action.  The respondent only seeks to recover money actually disbursed by him for funeral expenses, and the value of his own lost time.  In the *Worley* case two items of damages were pleaded, (1) the husband's loss of the services of his wife in the care of his children and the management of his household affairs, and (2) the sum expended for funeral charges.  Mr. Justice Storer, after discussing the English cases above mentioned, and also several early American cases, calls attention to the fact that the

action was not brought under the Ohio statute, and speaking of that statute said:

"The second section distributes the damages recovered between the widows and the next of kin, which presupposes that the wife is deprived of her husband, and very strongly indicates that it was not the intention of the legislature to extend the remedy to him should he survive the wife; and such is the construction, we believe, that is given to the statute of New York on the same subject."

The learned jurist closes his opinion by saying:

"We can find no authority, and we are satisfied there is no sound reason, on general principles, to authorize a recovery by the plaintiff. On the whole case, we hold, there is no claim in the petition that can be legally supported, except for the expenditures actually made in consequence of the wife's death; and for these, as the husband would have been liable, he has the right to recover; as to all the remaining claim for damages, the demurrer must be sustained."

We adopt the conclusion reached in this exhaustive opinion, based upon the theory that a clear distinction exists between damages resulting to a husband from the death of his wife in the loss of her services and companionship, and pecuniary damages resulting to him, such as funeral expenses and loss of time. We hold that, while under our statutes and the previous decisions of this court, he cannot recover the former, he is nevertheless entitled to recover the latter, regardless of any statute. This doctrine is in harmony with the rule announced in *Johnson v. Seattle Electric Company*, upon which the respondent relies, and which the appellants have sought to distinguish. It also harmonizes with *Dean v. Oregon R. & Nav. Co.*, 44 Wash. 564, 87 Pac. 824, where we said:

"It is urged that respondent was not entitled to recover expenses for transporting the body of decedent to respondent's home in Arkansas. The total amount for this and burial expenses was $178. We think this a moderate sum to ask. It was the duty of respondent to bury the body of his minor son, and it was but natural and fitting that the remains should

be taken back to the old home.  Appellant being responsible
for decedent's death, it is holden to pay the reasonable cost
of burial and the expenses appropriately incidental thereto.
In view of these considerations and the small sum expended
and sought to be recovered, we think the allowance justifi-
able."

The learned trial judge committed no error in permitting
the jury to award the damages in question.  The judgment
is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, and ROOT, JJ., con-
cur.