## SPINELL v SHAWEKER et

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided Dec 24, 1931

J. C. Mitchell, New Philadelphia, for plaintiff in error.

Wilkins, Fisher & Limbach, New Philadelphia, and Hart, Koehler, Blumensteil & Strong, Alliance, for defendants in error.

SHERICK, PJ.

It must be recognized that an injury to a married woman, occurring without fault on her part, gave rise to two causes of action at common law, one of which was the right of the husband for loss of services sustained by him by reason of the wife's injury. Such was in fact an injury to him in that by reason of the injury he was deprived of her services to which he was entitled. The second cause of action was in the name of both for the injury sustained. These rights of action are recognized in our present law, excepting in that in the second cause the husband has no individual interest as the cause of action is now purely that of the wife.

It was equally true that under the common law in the second cause of action, that the husband had no remedy for an injury resulting in the death of the wife, or for the act causing her death. It was considered that death caused an abatement of the

cause of action. The reason for the rule has been variously ascribed to merger of the action with the criminal remedy, to suspension, public policy, or that such a wrong was not compensible in money damage. But, whatever the true reason for the rule may have been, it is now purely academic. The fact is that the rule did exist.

The rigor and harshness of this rule induced the enactment of what is known as "Lord Campbell's Act," and this statute has been brought into our jurisprudence by adoption in the enactment of §10770 and 10772 GC. These statutes provide that an action for wrongful death, which would have been actionable had death not ensued, should not abate at the death of the injured party, but should survive in the name of the personal representative of the deceased for the benefit of "the wife, or husband, and children," or parents or next of kin if the spouse or children did not survive. An examination of the English act and our present statutes clearly indicate that they pertain to the injury that the wife sustained and the loss incurred by the husband and wife by reason thereof. These acts provide that the cause of action shall not abate when death ensued. The Legislative intent was to correct the harsh rule of abatement as applied to what we have previously called the second common law action. These statutes will be searched in vain for any reference to the right of a husband for loss of services sustained by him by reason of the wife's injury. It is therefor our deduction that §10770 and 10772 GC have no application to this first common law right of action in the husband but only pertain to the injured party's right of action.

The Legislature of this state has enacted §7995 to 8004 GC inclusive. These sections make brief provisions regarding the marriage relation, and our court in considering these sections in the case of **Railroad Co v Glenn, 66 Oh St, 395,** says that "at common law, a husband has a right of action against one who wrongfully, or through negligence injures his wife, to recover for the resulting loss of her services, and for his necessary medical, surgical and other expenses in healing her injuries, and this right is not abridged or affected by the legislation embraced" in these sections. The court further said in this case "He is not asking for any interest in the property of the wife. She never had any interest in his cause of action."

It is well at this point to consider §11235 GC, which is a further provision of our law. This section provides in part, "In addition to the causes which survive at common law, causes of action for—injuries to the person or property—shall also survive, and the action may be brought notwithstanding the death of the person entitled or liable thereto." The Supreme Court in **Railway Co v Van Alstine, 77 Oh St 395,** and **Coal Co v Robinette, 120 Oh St 110,** remark, "Under §10772, the death action is to be prosecuted by the administrator for the exclusive benefit of the wife or husband and children. The action prosecuted under §11235 is for the benefit of the estate." And "Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong."

By §11235, it may be seen that the statute recognizes a right in the injured party to recover for his personal loss and suffering to the date of death; and it will be further noted that this section makes no reference to a right of action other than that of the injured person. A remark made in the Robinette case as reported in **31 Oh Ap 113 (116),** is worthy of note, therein the court said; "It would seem equally as logical to say that a husband's right of action for loss of services of his wife, occasioned by the negligence of a third person, would be barred by an adverse verdict and judgment in an action by the wife for damages for personal injuries alleged to have been sustained by her because of such negligence."

From the resume of the statutory law of this state, we believe it is apparent that there is no statutory provision denying or abridging the common law right of action of a husband for damages, as against one who injures his wife, for loss of services, society and consortium. Any number of cases recognizing this right of action, independent of statute, are to be found where the wife did not die as a result of her injury. On the other hand the authorities are few in number which deal with the question of the husband's right to maintain an action for such loss where the wife dies. These cases are divisible into two classes; the first, going to the husband's right to maintain the action after the wife's death, from the time of injury to the date of her death; the second, dealing with such right

from the date of the wife's death into the future. Two questions of common law at once must of necessity present themselves; in the first class; did the husband's right of action abate at the wife's death? In the second class; did the law ever recognize any such right of action?

We would present the authorities dealing with these questions, and we choose to begin with the very able opinion of Judge Christiancy rendered in the case of Hyatt v. Adams, 16 Mich. 179, and from this case we quote at some length:

"So far as I have been able to discover, there is but one English case which expressly holds that at common law an action for the loss of services of a wife killed by the wrongful act or negligence of the defendant can be maintained, even for the loss of services up to the time of the death, or which intimates any distinction between the damages accruing before and after the death." The case referred to is a very briefly reported Nisi Prius one decided in 1807. It is the case of Baker v. Bolton, 1 Campbell 493. It was an action seeking damages of stage coach proprietors for injury to the plaintiff and his wife, sustained when the coach overturned. The wife died as a result of the injury in about a month. The declaration besides other special damages, claimed damages for the loss of comfort, fellowship and assistance of his wife. Lord Ellenborough told the jury "they could only take into consideration the bruises which the plaintiff himself had sustained, and the loss of his wife's society—from the time of the accident to the moment of her dissolution." "In a civil court, the death of a human being could not be complained of as an injury, and the damages as to the plaintiff's wife must stop with the period of her existence." The Michigan court in discussing this case and the reason for the rule says, "the rule would not prevent an action for damages accruing to a party other than the person injured, up to the time of the death, though caused by the act or negligence which produced it, while it would exclude all which might have accrued in consequences of the death."

Judge Christiancy further said, "upon principle of justice and common sense, I think the plaintiff, in a case like the present, (this being a malpractice action, in which the wife died within three days and the declaration in part alleged the loss of services and society and comfort of plaintiff's wife) should be allowed to recover his actual damages caused by the injury and accruing prior to and not in conse-

quence of the death; and I can discover no substantial objection to such recovery in any recognized principle of the common law applicable here." "The injustice of denying the action for damages accruing up to the time of the death may not be very glaring in the present case, in which the actual damages proved are exceedingly trivial. But the action cannot be denied upon any principle which would not be liable to do great injustice in other cases which may arise. Suppose the wife had lingered for a year or more, and then died in consequence of the injury, and the husband, in the mean time, had been put to thousands of dollars of expense. No one can doubt that at any time while she was yet living, the husband's right of action would have been perfect as to the damages accrued up to the time of the action. But she dies the next day after the action is instituted; does his action abate by her death? Has he lost his right, and must he now be denied any compensation for the injury, because it has proved fatal to her? If so, it seem to me a more substantial reason should be shown for this denial of justice than any I have yet been able to discover. I therefore, agree entirely with the Supreme Court of Indiana, in Long v. Morrison, 14 Ind., 595, that the husband's action which had previously vested, is not extinguished by the subsequent death."

Long v. Morrison, supra, is well worthy of perusal, as are also Sherlag v. Kelley, 200 Mass, 232, 86 N E., 293, 19 L. R. A. (N. S.), 633, and note, Mageau v. Great Northern Ry. Co., 115 N. W., 651, 15 L. R. A. (N. S.), 511; Cross v. Guthery, 2 Root (Conn.), 90, 1 Am., Dec. 61, and Bailey v. Long, N. C., 90 S. E., 809, 1917B, L. R. A., 708. It is said in Lane v. Steinger, 174 Iowa, 317, 156 N. W., 375, "Had death been instantaneous no right of action would have accrued to the husband. But she survived several hours after the collision and, because of this, the husband might have maintained an action for loss of his wife's society."

Under the reasons assigned and the authorities listed, we reach the conclusion that the husband's right of action for loss of services and society does not abate at the wife's death, where death was not instantaneous.

And now considering the question; Did the law ever recognize a right of action in the husband for loss of services and society of his wife for the period from the date of her death to a subsequent time? From the time of Baker v. Bolton, supra, we find no well considered authority, to our notion, which so holds. It is highly significant that prior to that time no court that

we find ever had been called upon to hold that any such a right of action did exist. The true fact of the matter is that no such right of action ever existed until it originated from the intent and application of "Lord Campbell's Act." It is aptly stated in Philby v. Northern Pac. Ry. Co., 46 Wash., 173, 89 Pac., 468, 9 L. R. A. (N. S.), 1193, that, "Statutes permitting a husband or any other beneficiary to recover damages for the wrongful death of a wife or relative are based upon the idea of giving compensation for loss of services, companionship, etc. In other words, they are intended to award compensation for a human life—juries are advised as to health, habits, age, expectancy of life, capacity to earn money, habits of economy," to which might be added age and condition of dependents.

It being certain that such an action was not recognized at common law; and that the statutes, meaning §10770 and 10772 GC, are innovations upon it, it follows that they create a right unknown to common law, but they do not go so far as to recognize or establish an independent right of action in the husband alone for lost services and society, but rather create a right in the husband and children for their joint benefit.

A well considered case appears in Worley v. C. H. & D. Ry. Co. v. Handy, 481. The reason therein on page 482 correctly states our view. It is said,

"Legally speaking, the right to the society and fellowship of the wife is secured to the husband on the sole condition of his protection and support. The duties of each party are correlative. It is on the\ recognition of these reciprocal duties that the rights of the parties depend. When they cease to be performed, the obligations they imply necessarily cease, and it would seem to be immaterial by what act the parties were prevented from their fulfillment, whether their own imprudence or criminality, or the ordinary accidents of life. The relationship once entirely severed, there is an end of duty, and consequently of privilege, for the one is dependent on the other."

We therefore find that neither under common law or statute has a husband a right of action for services or society of his wife from the date of her death to a subsequent further time. The case of Bauman v. Railway Co., 9 N. P. (N. S.), 320, and the Worley case supra, subscribe to our vew. We should also direct attention to Davis v Justice, 31 Oh St, 359 (362), wherein our Supreme Court approves of Baker v. Bolton, supra.

But one query remains for consideration, that being is there a further distinction by reason of the fact that the plantiff's petition sounds in contract as well as in tort? We do not think so. Referring further to Sherlag v. Kelley, supra, that court having\ in mind the Massachusetts act similar to our §10770 and 10772 GC, said, "the whole subject is now covered by statutes. This last statute covers death by negligence, whether the relationship of the parties are such that there is a breach of an express or an implied contract, or whether the duty neglected arises outside of any contract. The remedy given by it is exclusive of any other in the cases to which it applies." Our Supreme Court found no saving grace in this contract theory as it existed at common law, for it said in Wolf v. Wall, 40 Oh St, 111, that "at common law an action for an injury to the person caused by the want of skill or negligence of a surgeon, although based on contract, did not survive the death of either party." We agree fully with the statement quoted from Sherlag v Kelley, in that §10770 and 10772 GC, provide the exclusive remedy.

The petition in the case before us taken in its most favorable light does not indicate that the wife's death was instantaneous. From statements of counsel in argument, we learn that several hours intervened between the operation and the wife's death. We therefore conclude that death not having been instantaneous a cause of action did exist in the plaintiff for loss of services, companionship and consortium. In view of the fact, however, that no special damages are alleged and only general damages are claimed, any damages to which the plaintiff might be entitled could only be nominal in view of the short length of time involved.

We note with special interest the recent case of Jackson v. Watson & Sons, 3 Eng. Rul., Cases 182, which considers and distinguishes Baker v. Bolton, supra, and allows recovery under the theory that the rule differs from tort when contract is alleged. Our theory of the law as developed under our understanding of Baker v. Bolton, may be said to be well settled. The intention of the Legislature in the enactment of §10770 and 10772 GC, has been determined, and we see no useful purpose now to be served by a contrary determination of legislative intent. In fact we feel that public policy requires that double recoveries be not permitted. The theory that the wrongful death sections provide an exclusive remedy is consonant with sufficient reason

and long understanding which should not now be countenanced or changed.

In view of the fact that only nominal damages are recoverable in this suit, we regret the necessity of a reversal of this cause whch for the reasons assigned must be done and the cause remanded.

Exceptions noted.

LEMERT, J, and MONTGOMERY, J, concur.