## DUEBER v. NORTHERN PAC. RY. CO.

(Circuit Court, D. Washington, W. D.   March 26, 1900.)

WRONGFUL DEATH—ACTION FOR DAMAGES—WASHINGTON STATUTE.

> 2 Ballinger's Ann. Codes & St. Wash. § 4828, giving a right of action for wrongful death to the "heirs or personal representatives" of the deceased, when construed in connection with section 4838, which provides that "no action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living," changes the common law, by which such action abated, or the right of action terminated, on the death of the person injured, only in cases where there is a surviving widow or child, and an administrator cannot maintain an action for the wrongful death of his intestate under such statute, unless he sues for the benefit of a widow or child of the decedent.

Action by the administrator of the estate of Peter J. Dueber, deceased, to recover damages for a personal injury to the deceased, resulting in his death, alleged to have been caused by negligence of the defendant.   Demurrer to complaint sustained.

J. M. Ashton and W. L. Sachse, for plaintiff.
Crowley & Grosscup, for defendant.

HANFORD, District Judge.   The plaintiff sues, in his official capacity as administrator, to recover damages for the benefit of the estate of Peter J. Dueber, whose death the complaint alleges was caused by an injury suffered in consequence of negligence on the part of the defendant.   In his amended complaint the plaintiff alleges that in his lifetime the deceased contributed to the support and comfort of his father, mother, and sisters, who are his surviving relatives, and, as the contrary is not alleged, it must be presumed that there is no widow or children.   This demurrer raises the question whether the action is authorized by the statutes of this state.   I consider that the action must be classed as a statutory action, and the rights of the parties must be judged in accordance with the local law; for under the common law an action for a personal injury is abated by the death of the injured party.   8 Am. & Eng. Enc. Law (2d Ed.) 854.

The statute upon which this action is founded provides as follows:

> "The widow, or widow and her children, or child or children if no widow, of a man killed in a duel, shall have a right of action against the person killing him, and against the seconds and all aiders and abettors.   When the death of a person is caused by the wrongful act or neglect of another his heirs or personal representatives may maintain an action for damages against the person causing the death; or when the death of a person is caused by an injury received in falling through any opening or defective place in any sidewalk, street, alley, square, or wharf, his heirs or personal representatives may maintain an action for damages against the person whose duty it was, at the time of the injury, to have kept in repair such sidewalk or other place.   In every such action the jury may give such damages, pecuniary or exemplary, as under all circumstances of the case may to them seem just."   2 Ballinger's Ann. Codes & St. Wash. § 4828.

If this section were the only declaration of the legislative will on the subject, it would not be permissible to construe it by giving to

the word "heirs" a restricted definition, although it would be difficult to assign any good reason for such discrimination as appears in the law, according to its literal reading. If the word "heirs" includes all who may legally inherit, and if "personal representatives" includes an administrator of a deceased person, leaving only distant relatives to inherit his estate, or no heirs at all, this law does discriminate between duelists and other wrongdoers by creating a legal liability in favor of collateral heirs and creditors, and possibly the commonwealth, against those who by mere negligence unintentionally cause the death of a human being, while the liability of duelists is limited to actions which may be brought by widows and children of their victims. This section of the Code, however, is controlled by section 4838, which reads as follows:

"No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, but such action may be prosecuted, or commenced and prosecuted, in favor of such wife, or in favor of the wife and children, or if no wife, in favor of such child or children." 2 Ballinger's Ann. Codes & St. Wash. § 4838.

The rule that statutes are to be construed harmoniously with the common law, so far as may be, consistently with the expressed intention to change the existing law, is applicable here, and under that rule of construction it must be held that actions and rights of action for personal injuries survive the death of the injured party only in those cases in which there is a surviving widow or children, and that an administrator cannot maintain such an action as this unless he sues for the benefit of a widow, or widow and child, or widow and children, or a child or children, of the deceased. It has been so decided by the supreme court of this state in the case of Noble v. City of Seattle, 19 Wash. 133, 52 Pac. 1013, 40 L. R. A. 822. The question being one of local law, this decision by the highest court of the state is an authoritative determination of the question raised by this demurrer, and must control the decision of this case, even though this court might have reached a different conclusion if free to decide the question independently. I will say, however, that I fully concur in the opinion of the supreme court. Demurrer sustained.