[No. 4995.    Decided March 21, 1904.]

NANCY A. MANNING, *Appellant,* v. TACOMA RAILWAY &
POWER COMPANY *et al., Respondents.*[1]

DEATH BY WRONGFUL ACT—RIGHT OF ACTION—HEIRS LIMITED TO
WIDOW AND MINOR CHILDREN — STARE DECISIS.    The supreme
court having six years ago adopted a construction of the statute
respecting damages for a death by wrongful act whereby "heirs"
entitled to bring the action was held not to include col-
lateral heirs but only the widow and children, and having since
adhered to the rule, and the legislature having since convened
three times without making any change, the question should be
considered at rest and the rule adhered to, notwithstanding that,
as an original proposition, the court, as now constituted, would
probably have adopted a different construction.

Appeal from a judgment of the superior court for Pierce
county, Huston, J., entered October 17, 1903, upon sus-
taining a demurrer to the complaint, dismissing an action
for damages for the death of plaintiff's son.    Affirmed.

*Stiles & Doolittle,* for appellant.

*B. S. Grosscup* and *A. G. Avery,* for respondents.

HADLEY, J.—This action was brought by appellant to
recover damages on account of the death of her son.    The
complaint avers that the death was due to the negligence
of the respondent railway company, and of its co-respond-
ent, who was the motorman of one of its cars at the time of
the accident which resulted in said death.    It is also alleged,
that the deceased was an unmarried man, of the age of
twenty-seven years, and in good health; that he was able to
earn, and did earn, $75 per month at his occupation of
hotel clerk; that there has been no administration of his
estate, and that the plaintiff is his sole heir, his father

[1]Reported in 75 Pac. 994.

having died before him; that plaintiff is fifty-three years
of age, and has not sufficient means for her support; that
she is, and for a long time has been, dependent upon her
sons, of whom she had three, for her support and mainte-
nance; that said deceased son contributed largely to her
support, and would have continued so to do while he and
plaintiff both lived.   Separate demurrers to the complaint
were interposed by the defendants in the action.   One of
the stated grounds of demurrer is that the complaint does
not state facts sufficient to constitute a cause of action.
The demurrers were sustained.   The plaintiff elected to
stand upon her complaint, and refused to plead further.
Judgment was thereupon entered dismissing the action.
The plaintiff has appealed.

It is conceded by counsel that the court below sustained
the demurrers on the authority of *Noble v. Seattle,* 19
Wash. 133, 52 Pac. 1013, 40 L. R. A. 822, in which this
court held that no action lies for the death of an adult
unmarried person.   It is frankly stated that this appeal
is prosecuted with the purpose of asking a reinvestigation
of the question decided in the above-named case, to the end
that the same may be overruled.   No right of recovery in
the premises exists at common law, and, if there be such
right, it must be by virtue of a statute.   Different statutory
provisions bearing upon this subject were collected together
and placed in one section in the Code of 1881, as section
8 thereof, and the same also appears in § 4828, Bal. Code.
In the case above cited it was held that the word "heirs,"
as used in said section, does not include parents or collateral
relatives, but includes only the widow and children of the
person whose death is caused by the wrongful act of an-
other.

Counsel for appellant in this case ably review the history
of these statutes, and earnestly insist that the construction

announced in *Noble v. Seattle* was erroneous, and should be overruled. It is also contended that this court had recognized a different rule in prior cases. However that may have been, a direct and unmistakable construction was adopted in that case. The opinion was filed March·24, 1898. It has for six years stood as the adopted construction, and as the rule of decision upon the subject in this state. A little more than two years later, on May 24, 1900, the same question was again decided in *Nesbitt v. Northern Pac. R. Co.,* 22 Wash. 698, 61 Pac. 141. But little is said in that opinion, yet the question presented was identical with that in *Noble v. Seattle*. We have examined the appellant's briefs in that appeal, and find that able counsel elaborately and comprehensively covered the same ground as to our statutory history, and the Kentucky statutes and decisions, and otherwise carefully placed before this court the same argument that is now also skillfully and vigorously invoked by counsel for this appellant. Notwithstanding the earnest and forceful argument in that case, the court deemed it unnecessary to discuss the subject further than to say that it adhered to the ruling in *Noble v. Seattle*. In view of the fact that the court then declined to reopen the subject, and that the criticized construction has stood for six years as a rule of decision, we think we should not now disturb it. It is furthermore a fact that, since the construction was first announced, three regular sessions of the state legislature have been convened, and no change in the statute has been made. It may be reasonably assumed that the legislative department has acquiesced in the construction of the statute as being correct, or it would have made its meaning known by more definite and unmistakable expression.

We think it proper to say that, as this court is now constituted, if the question were now here as one of original

statutory construction, it is not improbable that a different construction would be adopted. But a mere change in the personnel of the court should not be treated as justification for overruling former decisions, even though the individual judges may think that they were erroneous. Such a course would lead to the expression of mere opinionated, individual views, whereas the decisions of an appellate tribunal, which have been long followed and regarded as establishing rules governing property and personal rights, concern the people of an entire state, and should not ordinarily be subject to disturbance by either a change in the membership of the court, or by change of individual views. We believe, therefore, that the subject urged upon this appeal should now be considered as at rest, unless the legislative department shall clearly express a different rule.

The judgment is affirmed.

FULLERTON, C. J., and DUNBAR, MOUNT, and ANDERS, JJ., concur.