BUTTE ELECTRIC RY. CO. v. JONES.

(Circuit Court of Appeals, Ninth Circuit. October 5, 1908.)

No. 1,522.

DEATH — ACTION FOR WRONGFUL DEATH — MEASURE OF DAMAGES TO MINOR CHILD.

In an action on behalf of a minor to recover damages for the wrongful death of his mother, under a statute authorizing a recovery of such damages "as under all the circumstances of the case may be just," the recovery is not limited to the pecuniary loss suffered by the minor prior to his majority, and the jury may properly consider evidence tending to show that he was by his mother's death deprived of a home, that he was dependent on her earnings for the means of his education, and that she intended to send him to college and earned sufficient to have enabled her to do so.

In Error to the Circuit Court of the United States for the District of Montana.

W. M. Bickford and Geo. F. Shelton, for plaintiff in error.
E. N. Harwood, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This action was brought in the court below by the administrator of the estate of Josephine I. Jacobs, deceased, against the plaintiff in error, to recover damages growing out of the death of the deceased, which the complaint alleged to have been caused by the negligence of the defendant railway company. It also alleged that the deceased left surviving her a son, Harry B. Jacobs, who

was, at the time of her death, 17 years of age; that "the said Harry B. Jacobs, the minor heir of said deceased, had no other means of maintenance or education than that provided for by his mother from her earnings; and that by reason of her death said Harry B. Jacobs had been deprived of home and maintenance and opportunity of education." The allegations quoted were put in issue by the answer of the defendant company. The trial resulted in a verdict of $4,000, upon which judgment against the company was entered, with costs.

The brief of the plaintiff in error states:

"It was practically admitted, and there was no substantial controversy as to the negligence of the defendant, as alleged in the complaint. The questions presented for consideration of the court and jury throughout the trial were: First, whether the plaintiff had any right in law to maintain the suit; second, whether, in case he had, a recovery must be confined to the damages suffered by the estate alone, or whether the damages suffered by the minor heir were proper to be awarded by the jury; and, third, if the damages suffered by the minor heir were proper to be considered by the court and jury, what was the measure of the damages suffered by him?"

The first two questions thus referred to were decided by us adversely to the contention of the plaintiff in error in the recent case of Alder Company v. Fleming, Administrator, 159 Fed. 593, leaving the sole questions for decision in the present case those growing out of the proper measure of damages.

In the course of the trial the counsel for the defendant contended that the recovery, if any, should be limited to the pecuniary loss suffered by the minor heir prior to his majority. The court ruled against that contention, and, in instructing the jury upon the subject of damages, told them that in ascertaining such damages they were "not confined to the period prior to, or only up to, the time when said Harry B. Jacobs would arrive at the age of 21 years." The defendant reserved an exception to the action of the court in each of those particulars. We think the ruling right.

Counsel cite in support of the point Stoher v. St. Louis, etc., Ry. Co., 91 Mo. 509, 4 S. W. 389, and David v. Southwestern R. R. Co., 41 Ga. 223. So far as can be seen from the opinions in those cases, in neither one was the precise point adjudged or presented. In Stoher v. St. Louis, etc., Ry. Co., an infant, by her next friend, brought the action to recover damages for the death of her father. We do not find in the opinion in that case any suggestion favorable to the contention of the plaintiff in error here, but, on the contrary, an implied approval of the case of Tilley v. Hudson River R. R. Co., 29 N. Y. 252, 86 Am. Dec. 297, hereinafter referred to. The case of David v. Southwestern R. R. Co. was originally brought by the widow of one Charles Rogers, who was killed by an engine on the Southwestern Railroad, pending which action the widow died, leaving minor children of herself and her deceased husband. David, as prochien ami of the minors, was made a party plaintiff to the action and prosecuted it for the benefit of the minors. The question presented to the Supreme Court of the state related to the proper measure of damages in the action by the children. The language of the section is not given in the opinion of the court, but the court does expressly state that it

"is not so clear as the importance of the subject demands," and in disposing of the question before it, said:

"We decided, in Johnson v. Macon & W. R. Co., 38 Ga. 433, that, if the widow sued, the measure of damages was the present worth of a reasonable support of herself according to the expectation of the husband's life, in view of his condition in life, etc. The same rule ought to be applied when the children sue. The measure of damages in such a case is the present worth of a reasonable support for them during the minority, according to the expectation of the father's life, in view of his condition of life, prospects, industry, etc. We think, upon the whole, this best conforms to the words and intent of the act, although, as we have said, the meaning is not as clear as it ought to have been."

The precise point here involved was, however, presented to the Supreme Court of California in the case of Redfield v. Oakland C. S. Railway Co., 110 Cal. 277, 42 Pac. 822, 1063, and in Tilley v. H. R. R. R. Co., 29 N. Y. 252, 86 Am. Dec. 297, the first of which cases was based upon a statute precisely similar to the Montana statute upon which the present action is based, and the other upon a statute similar in effect, and in each of which cases it was held that there is no sufficient legal reason for limiting the damages in such an action to the minority of the minor, if the jury find that they will continue after that age.

The counsel for the defendant also excepted to a line of testimony, admitted in evidence over their objections, tending to show that the deceased intended to send her son to college, and, with that end in view, had secured from various colleges catalogues and circulars tending to show the cost of maintenance at certain institutions and the conditions of entry therein. There was also evidence tending to show that, more than a year before his mother's death, the son, when in the eighth grade of the public schools, had left school and gone to work for wages as house boy or steward in private residences, and at one time in a club, visiting his mother only at intervals; and it is argued for the plaintiff in error that under such circumstances—

"the idea that he had suffered by reason of the death of his mother the loss of an opportunity of attending college rested upon the merest conjecture, speculation, and fancy."

It is further argued by counsel that:

"There was no reasonable or probable basis upon which it could be assumed that the accomplishment of any of these ambitions or desires could have been secured, and that neither the capacity of the boy, nor his aptitude, pointed to any result of that character."

That argument would have been appropriate for the consideration of the jury, but is not pertinent here. There was, as has been said, evidence tending to show that the mother intended to send her son to college, and there was evidence tending to show that she was able to do so; for, although it appears that she left but a few hundred dollars in money, the evidence also tended to show that she was an industrious woman, being a laundress and cateress in the city of Butte, Mont., in which occupations her earnings, it seems, were good and substantial; and, while the evidence also indicates that she did not lay by much money, it does not necessarily follow that she would continue

a free spender if she had lived and carried out her declared intention of sending the boy to college. The evidence also tended to show that the deceased was a kindly woman, bore an excellent character among her neighbors and friends, and furnished her son a good home while he was living with her. We cannot agree with counsel for the plaintiff in error that those circumstances were improperly admitted in evidence by the court, for they tended to show that the mother afforded the minor son a good home, of which he was at liberty to avail himself, and of which he was deprived by her death—to what amount of pecuniary damage it was for the jury to say.

We think it cannot be properly held that the defendant in error suffered no direct pecuniary loss by such deprivation. The language of the statute under which the action at bar was brought is:

"That such damages may be given as, under all the circumstances of the case, may be just."

The court below distinctly, and properly, instructed the jury that they could award damages as a pecuniary compensation only, and could not take into consideration the grief of the son, nor make any allowance for solace to him.

The judgment is affirmed.