WINFREE v. NORTHERN PAC. RY. CO.

(Circuit Court of Appeals. Ninth Circuit. October 4, 1909.)

No. 1,663.

**1. MASTER AND SERVANT (§ 87*)—DEATH OF SERVANT—EMPLOYERS' LIABILITY ACT—OPERATION.**

The employer's liability act (Act Cong. April 22, 1908, 35 Stat. 65, c. 149) is not retroactive, and does not authorize an action for the wrongful death by the administrator of an employé engaged in interstate commerce against his master occurring prior to the time the act took effect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 138; Dec. Dig. § 87.*]

**2. DEATH (§ 31*)—WRONGFUL DEATH—RIGHT TO SUE.**

Ballinger's Ann. Codes & St. Wash. § 4829 (Pierce's Code, § 257), gives the right of action for wrongful death of an unemancipated minor to recover loss of earnings during his minority to the father, or, in case of his death or desertion of his family, to the mother, and not to the minor's personal representative.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35–46; Dec. Dig. § 31.*]

**3. DEATH (§ 39*)—DEATH OF SERVANT—STATUTES—LIMITATION.**

Act Cong. June 11, 1906, c. 3073, § 1, 34 Stat. 232 (U. S. Comp. St. Supp. 1907, p. 891), giving the right of action for the wrongful death of an employé engaged in interstate commerce to decedent's personal representative, limits such right of action to one year from the date of the injury complained of.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 54; Dec. Dig. § 39.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Eastern District of Washington.

Action by William H. Winfree, as administrator of the estate of Albert E. Phipps, against the Northern Pacific Railway Company. A demurrer was sustained to plaintiff's complaint (164 Fed. 698), and he brings error. Affirmed.

B. C. Mosby, for plaintiff in error.

Edward J. Cannon, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge. The plaintiff in error, as administrator of the estate of Albert E. Phipps, deceased, brought an action to recover damages from defendant in error, and in his complaint alleged that the said Albert E. Phipps, a minor of the age of 18 years and 5 months, while acting as a fireman upon a freight locomotive of the defendant in error in the state of Washington, met his death through the negligence of his employer; that the defendant in error was engaged in interstate commerce; that the decedent had not been emancipated, nor had his parents any knowledge of his employment; that they lived in the state of Wyoming; and that the action was brought for their benefit under the provisions of the act of Congress approved April 22, 1908 (35 Stat. 65, c. 149), an act relating to the liability of common carriers by railroad to their employés in certain cases. The

complaint set forth the particulars in which it was alleged that the defendant in error was negligent, and alleged that the decedent had no previous experience as fireman, and, by reason of his youth and inexperience, did not appreciate, and hence did not assume; the risks, hazards, and perils of the work assigned to him, and that the accident occurred without fault on his part. The defendant in error demurred to the complaint, and the demurrer was sustained on the ground that the act of Congress so referred to has no retroactive application. The plaintiff in error pleading no further, judgment was entered against him.

The sufficiency of the complaint is the sole question which is presented for our determination. The plaintiff in error contends that the act of 1908, being a remedial measure, should be construed as retroactive, unless such a construction is precluded by its terms. It is not necessary to cite authorities to the well-settled rule that a statute will not be given a retroactive effect by construction unless the Legislature has so explicitly expressed its intention to make it retroactive as to leave no reasonable doubt thereof. In the act in question (35 Stat. 65) it is provided that every common carrier engaged in interstate commerce shall be liable in damages for injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of the carrier. There is nothing in the terms of the act to show that it was the intention of Congress to affect rights of parties as to any injury or death that had occurred before it went into effect. It is not to be presumed that Congress intended to impose civil liability upon carriers founded upon transactions which at the time of their occurrence gave no rise to a legal demand against them. In Twenty Per Cent. Cases, 20 Wall. 179, 187, 22 L. Ed. 339, the court said:

"Courts of justice agree that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or with vested rights, unless the intention that it shall so operate is expressly declared or is to be necessarily implied, and, pursuant to that rule, courts will apply new statutes only to future cases unless there is something in the nature of the case or in the language of the new provision which shows that they were intended to have a retroactive action."

The statute in question, while it is remedial in the sense that it affects the remedy in accident cases, is not of the nature of those remedial statutes which have received a liberal and expansive application at the hands of the courts, such as statutes intended to remedy a mischief, to promote public justice, to correct innocent mistakes, to cure irregularities in judicial proceedings, or to give effect to the acts and contracts of individuals according to the intent thereof. It is a statute which permits recovery, in cases where recovery could not be had before, and takes from the defendant defenses which formerly were available, defenses which in this instance existed at the time when the contract of service was entered into and at the time when the accident occurred. In Society, etc., v. Wheeler et al., 2 Gall. 104–139, Fed. Cas. No. 13,156, Judge Story said:

"Upon principle every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new

duty, or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective; and this doctrine seems fully supported by authorities."

Tested by these principles it seems clear that the act of 1908 is in none of its features retroactive.

But the plaintiff in error contends that, irrespective of the statute, the complaint states a common-law cause of action against the defendant in error upon the distinct charges of negligence which are therein set forth. In answer to this it is sufficient to point to the fact that the complaint in this case is brought to recover the damages that resulted to the parents of the decedent from the loss of his earnings during his minority, and that the statute of Washington (section 4829, Ballinger's Ann. Codes & St. [Pierce's Code, § 257]) gives the right of action in such a case to the father, or, in the case of his· death or his desertion of his family, to the mother, and for injury or death of a ward, to his guardian, and that by the laws of that state, no such right of action accrues to a personal representative. Atrops v. Costello, 8 Wash. 149, 35 Pac. 620; Noble v. Seattle, 19 Wash. 133, 52 Pac. 1013, 40 L. R. A. 822; Manning v. Tacoma R. & P. Co., 34 Wash. 406, 75 Pac. 994. It is true that by Act Cong. June 11, 1906, c. 3073, 34 Stat. 232 (U. S. Comp. St. Supp. 1907, p. 891), a right of action was given to the personal representative in a case of this nature, and that law was in force at the time of the death of the decedent, but it cannot be said that this action is brought under its sanction, because all actions thereunder were required to be brought within one year from the date of the injury complained of.

The judgment is affirmed.