[Sac. No. 1676. Department Two.—September 21, 1910.]

FRANK VALENTE et al., Respondents, v. SIERRA RAIL-
WAY COMPANY OF CALIFORNIA (a Corporation),
Appellant.

DECISION UPON FORMER APPEAL — SECOND TRIAL — CONFORMITY TO
OPINION.—It is held that the proceedings upon a second trial appear
to have been had with due regard to all matters discussed in the
opinion of this court rendered upon a former appeal, whereby a
second trial was granted for error appearing upon the former trial.

ID.—ACTION FOR DEATH—COLLISION OF TRAINS—EVIDENCE—TABLES OF
LIFE EXPECTANCY.—In an action for the death of a wife and mother
caused by the collision of a work train with a passenger train, on
which the deceased was a passenger, the court properly admitted in
evidence tables of life expectancy to show the probable duration
of the life of the deceased, and also the probable duration of each
beneficiary who is a plaintiff in the action.

ID.—PROPER INSTRUCTION—DAMAGES LIMITED TO EXPECTANCY OF LIFE
OF DECEASED.—The court, as suggested upon the former appeal,
properly instructed the jury that in no event could damages be
awarded to the beneficiary beyond what would have been the prob-
able duration of the life of the deceased.

ID.—MINOR BENEFICIARY BECOMING OF AGE—ADMISSIBILITY OF TABLES
NOT AFFECTED.—The fact that one who was a minor heir of the
deceased at the first trial became of age prior to the second trial
could not affect the admissibility of the tables to show his ex-
pectancy of life as a beneficiary, as affecting the question of dam-
ages sustained by him from the death of his mother.

ID.—JOINT ACTION BY HEIRS OF DECEASED—RIGHT OF SON ATTAINING
MAJORITY.—Where the action for the death of the deceased was
brought under section 337 of the Code of Civil Procedure by the
husband and children jointly, as heirs of the deceased, the right of
a son of the deceased who attained his majority before the second
trial to recover for any pecuniary loss he may have sustained from
the death of his mother is not limited to his minority, but also ex-
tends to and includes any such loss sustained after his majority, the
loss in either case being measured by what would have been the
probable duration of the life of the deceased.

ID.—INSTRUCTIONS — RESPONSIBILITY OF RAILROAD COMPANY TO PAS-
SENGERS—DEGREE OF CARE—QUALIFICATION—EVIDENCE OF CAUSE OF
DEATH.—An instruction that "a railroad company engaged as a com-
mon carrier in transporting passengers for reward is bound to use
the utmost care and diligence for their safety," is not incorrect.
Though it is subject to the qualification, if warranted by the evi-
dence, that this degree of care and diligence is such only as can be

reasonably exercised consistent with the character and mode of conveyance adopted and the practical operation of the business of the carrier; yet, where it is established that there is no question but that the collision causing the death was due to the carelessness and negligence of the defendant, for which no excuse existed, there is nothing to which the qualification of the instruction could apply.

ID.—INSTRUCTION — NEGLIGENCE.— WORK TRAIN NOT HELD BACK BY BRAKES—REAR-END COLLISION WITH PASSENGER CAR ON GRADE.— An instruction on the subject of negligence by a rear-end collision of a work train with a passenger train while descending a heavy grade, if the jury believed the work train could not be held back by its "brakes," an objection that the instruction did not include "braking appliances and machinery," in view of the evidence that it was equipped with a Westinghouse brake and machinery and a steam brake, is not tenable.

ID.—DEFINITION OF "BRAKES."—The term "brakes" as ordinarily understood comprehensively includes all the mechanism employed to control the motion of the train, and the jury so understood it.

ID.—MODIFICATION OF REQUESTED INSTRUCTION—SHOWING OF CARE REQUIRED BY LAW.—Where a requested instruction was modified by words inserted in italics, that "if after considering the whole evidence in the case *you should find that the defendant had made such a showing as to the exercise of care required of it by law,* as to leave the evidence upon the issue of negligence in such condition that you cannot conclude that the evidence of negligence has been satisfactorily shown, it has met the requirements of the law, and your verdict should be for the defendant,"—it is held that the instruction without the modification is correct, and that the modification cannot be justly criticized.

ID.—INSTRUCTIONS TO BE TAKEN TOGETHER—"CARE REQUIRED BY LAW" —RULES OF LAW.—Instructions must be taken and considered as a whole. When the charge in question is so considered, the court left nothing to be determined by the jury as to the degree of care "required by law." It had fully instructed them on this point, and when it further instructed the jury as to what it should do if it found the defendant has made such a showing as to "the exercise of the care required of it by law," it referred to the rules of law previously given which defined such care, and the jury could not otherwise have understood it.

ID.—PROPER INSTRUCTION AS TO DAMAGES.—The court properly instructed the jury that in determining the damages sustained by the husband, they had the right to take into consideration the pecuniary loss, if any, sustained by him in being deprived of the services, society, and comfort of his wife, and in determining the pecuniary loss sustained by the children they had a right to consider the value of the mother's services to her children, her care and labor bestowed upon them, her ability to care for them and assist them, and her efforts for their welfare. The instruction had reference to pecuniary loss

only, and, as given, correctly stated the law in estimating damages therefor.

ID.—DAMAGES NOT EXCESSIVE.—It is held that considering all of the evidence in the case, it cannot be affirmed that the verdict for fourteen thousand dollars, covering all prospective loss of the husband and children, for the death of a faithful wife and devoted mother, is at all excessive.

ID.—ABSENCE OF FIXED STANDARD—DISCRETION OF JURY.—There can be no fixed standard by which the pecuniary loss in such a case can be determined. Necessarily the law had committed its ascertainment to the discretion and sound judgment of the jury, and they were warranted in their verdict.

APPEAL from an order of the Superior Court of Tuolumne County denying a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

S. D. Woods, and F. W. Street, for Appellant.

Nicol & Orr, and F. P. Otis, for Respondents.

LORIGAN, J.—This action was brought to recover damages from the defendant for the death of the wife of plaintiff, Frank Valente, and mother of the other plaintiffs (minors at the time of her death) alleged to have been occasioned through the negligence of the defendant in the operation of one of its trains. The jury returned a verdict in favor of plaintiffs for fourteen thousand dollars upon which judgment was entered. Defendant moved for a new trial and from the order denying it this appeal is taken.

No claim is made that the verdict is not justified by the evidence except to the extent that it is insisted that it is excessive, hence, but a brief statement of the facts need be made.

Marie Valente, plaintiffs' intestate, on June 25, 1904, was a passenger on the regular daily passenger train of the defendant running from Oakdale in Stanislaus County to Angels Camp in Calaveras County, and was killed as a result of a collision between a work train of defendant and the passenger train upon which she was riding. This work train consisted of an engine, oil car and several flat cars and had run into a siding to let the passenger train go by, and immediately after it had passed, the engineer of the work train proceeded to

back it out again upon the main track. At this point on the road the grade was very heavy and in backing out the engineer was unable to control the train on account of defective brake equipment and it rapidly descended the heavy grade, colliding with the rear end of the passenger train in which Mrs. Valente was riding and causing her death. It was the claim of appellant on the trial that one of the causes of the collision was the presence of oil on the rails—drippings from the oil tank in the work train—which rendered the rails so slippery that the work train could not be held thereon by its brakes. The jury, however, in answer to particular questions of fact found that the collision was not occasioned by the presence of oil on the tracks but that the work train and engine were not properly equipped with brakes to hold the train upon the track.

So much for the statement of facts.

A reversal is sought on account of alleged errors committed by the court in rulings upon the admission of evidence, instructions to the jury and on the ground that the verdict is excessive.

This case was here before on appeal after verdict and judgment for plaintiffs (*Valente* v. *Sierra Railway Co.*, 151 Cal. 534, [91 Pac. 481]), and while many alleged errors were discussed a reversal was ordered for error in giving a particular instruction relative to the burden of proof.

Several questions which were then presented for consideration and decided adversely to appellant are again urged under the claim either that the suggestions of the court on the former appeal had not been complied with on the second trial or that there are now presented additional points not then presented challenging their accuracy. In our opinion, however, the second trial seems to have been had with due regard to all matters discussed on the former appeal.

In respect to the claim that there was error in rulings on evidence but two points are made. As to one the ruling is so clearly correct that the matter need not be mentioned. As to the other, that the court improperly admitted in evidence Farr's table of life expectancy to show the probable duration of the lives of the deceased and of the beneficiaries, we expressly held on the former appeal that this evidence was admissible, with the suggestion that the jury should be instructed, however, in connection therewith that in no event could dam-

ages be awarded a beneficiary beyond the probable duration of the life of the deceased. The trial court seems to have carried out the suggestion by appropriate instruction so that appellant's contention is without merit.

The particular claim of appellant that such tables were inadmissible as far as fixing the probable duration of Harry Valente's life, one of the children plaintiffs, is without merit. Harry Valente, when his mother was killed, was a minor, but had attained his majority when the present trial was being had. This fact did not, as counsel for appellant seem to assume, affect the admissibility of the tables for the purpose of determining the question of damages which may have been sustained by him through the death of his mother. This action was brought under section 377 of the Code of Civil Procedure by all the plaintiffs jointly, the husband and children, as heirs of the deceased and the right of the son Harry Valente as an heir to recover damages for any pecuniary loss he might have sustained by reason of the death of his mother did not apply only as to the term of his minority. The statute does not limit the right of recovery to minor children. The children as heirs of decedent were entitled to recover for the loss of any benefit of pecuniary value (as explained by the court in its charge to the jury) which they would with reasonable certainty have received from the mother after their arrival at majority, as well as during minority (*Redfield* v. *Oakland C. S. Co.,* 110 Cal. 277, [42 Pac. 822, 1063]), measured by what would have been the probable duration of the life of the mother.

Complaint is made by appellant of an instruction to the jury that "a railroad company engaged as a common carrier in transporting passengers for reward is bound to use the utmost care and diligence for their safety." This instruction differing somewhat in phraseology was before this court on the former appeal. While we held that it was perhaps too broad as stating an abstract proposition of law, we did not hold that it was in any manner an incorrect one. It was not. (*Boyce* v. *California Stage Co.,* 25 Cal. 469; *Boone* v. *Oakland T. Co.,* 139 Cal. 494, [73 Pac. 243]; *Cline* v. *Santa Barbara R. Co.,* 150 Cal. 741, [90 Pac. 125].)

But it is said that as an abstract proposition of law given in this case it was misleading; that from it the jury were war-

ranted in concluding that a common carrier of passengers was an insurer of the safety of passengers, which is not the law; that as an abstract proposition it is subject to the qualification (which it is insisted should have been stated to the jury) that this degree of care and diligence which is to be exercised so as to avoid danger to passengers is such only as can reasonably be exercised consistent with the character and mode of conveyance adopted and the practical operation of the road and transaction of the business of the carrier. Conceding that the abstract rule as given by the court is subject to the qualification suggested, as it no doubt is, still appellant could only complain that it was not given if there was evidence in the case to which it could be addressed. As already stated, no question is made on this appeal but that the collision was due to the negligence and carelessness of the defendant for which no excuse existed, and, hence, there was nothing to which the qualification of the rule could apply, even if it had been given.

It is further insisted that in one of its instructions the court ignored a material part of the evidence in the case. In the instruction complained of the court told the jury that "if they believed that the work or gravel train could not be held thereon (defendant's tracks) by its brakes and also found" etc., the defendant was guilty of negligence. The evidence showed that the train was equipped with a Westinghouse brake and machinery. It also had a steam brake. Counsel's criticism of this instruction is that the court should have included with "brakes" also "braking appliances and machinery." This criticism is over-refined. The term "brakes" included all the mechanism which was used to retard or stop the motion of the train. The term "brakes," as ordinarily understood, comprehensively includes all the mechanism employed for the purpose of controlling the motion of the train and the jury undoubtedly so understood it.

The court instructed the jury "if after considering the whole evidence in the case *you should find that the defendant had made such a showing as to the exercise of care required of it by law,* as to leave the evidence upon the issue of negligence in such condition that you cannot conclude that the evidence of negligence has been satisfactorily shown, it has met the requirements of the law, and your verdict should be for the defendant."

CLVIII Cal.—27

This instruction was a modification of one requested by the defendant and refused. The modification consisted of the italicized portion. Appellant insists that by the italicized portion the court left it for the jury to determine what degree of care was required by law; a duty belonging exclusively to the court. The instruction without the modification correctly states the law (*Valente* v. *Sierra R. R. Co.*, 151 Cal. 539, [91 Pac. 481]) and we do not perceive any just criticism as to the modification. Instructions must be taken and considered as a whole. (*Anderson* v. *Seropian*, 147 Cal. 201, [81 Pac. 521].) When the charge to the jury in this case is so considered, it is apparent that the court left nothing to be determined by them as to the degree of care required by the law. It had fully instructed them on this point, and when it further instructed the jury as to what it should do if it found "the defendant has made such a showing as to the exercise of the care required of it by law" it referred to the rules of law previously given which defined such care, and the jury could not otherwise have understood it.

The court, on the matter of damages, instructed the jury that in determining the damages sustained by the husband, they had a right to take into consideration the pecuniary loss, if any, sustained by him in being deprived of the services, society, and comfort of his wife, and in determining the pecuniary loss sustained by the children they had a right to consider the value of the mother's services to her children, her care and labor bestowed upon them, her ability to care for, train, and assist them, and her efforts for their welfare.

There was nothing misleading, ambiguous, or indefinite in these instructions. There was nothing that would warrant the jury in believing, as suggested by counsel for appellant, that they could assess damages for anything else than for pecuniary loss or that they could consider any other elements in determining it than such as the court mentioned. The matters which the jury were told could be taken into consideration —services, society, care, comfort, etc., of the deceased as a wife and mother—they were instructed could only be taken into consideration for the purpose of determining the pecuniary loss sustained by the plaintiffs through her death. The instruction had relation to pecuniary loss only, and, as given, correctly stated the law in estimating damages therefor.

(*Redfield* v. *Oakland C. S. Ry. Co.,* 110 Cal. 285, [42 Pac. 822, 1063] ; *Keast* v. *Santa Ysabel G. M. Co.,* 136 Cal. 260, [68 Pac. 771] ; *Johnson* v. *Southern Pacific Co.,* 147 Cal. 624, [82 Pac. 306].)

It is claimed that the verdict for fourteen thousand dollars was excessive.  A verdict in this character of cases can only be disturbed where the amount awarded, in view of the evidence, is so excessive as to be apparently either the result of passion or prejudice on the part of the jury.  It is not seriously claimed that the jury were under any such influences.  Here the husband and four minor children, one a girl of tender years, suffered the loss of a devoted wife and mother through the negligence and carelessness of the defendant, and the verdict represents the loss which the jury determined they jointly sustained.  The evidence shows that the deceased was a good and dutiful wife and mother, devoted to her husband and children, giving constant personal care and attention to their comfort and happiness, and devoting herself to the moral and educational training of her children, with the prospect of many years of life before her to be given to her home and family.  In this case, as in cases of this character, the damages sustained are largely of a prospective nature.  On proof of the family life at the time of the death of the wife and mother—her devotion to her husband and children evidenced by the constant discharge of her wifely and motherly duties—the jury were to determine the loss sustained by the husband and children in being deprived, through the negligence of defendant, of the continued benefit and advantage of her society, comfort, and care.  Manifestly, there can be no fixed standard by which that loss can be determined.  Necessarily the law had committed its ascertainment to the discretion and sound judgment of the jury, and it cannot be said that for the loss of a devoted wife and mother and deprivation by the husband and minor children of the advantages and benefits which, from the evidence in this case, the jury were warranted in finding she would continue to bestow on them had she lived, that the verdict rendered by the jury is at all excessive.

These are all the points made which merit any consideration.

No error having been committed by the trial court in its rulings on the admission of evidence or in its instructions, and

the point that the verdict is excessive being untenable, the order denying the motion of defendant for a new trial, which is all that is appealed from, is affirmed.

Henshaw, J., and Melvin, J., concurred.

Hearing in Bank denied.