[No. 10048.   Department One.   March 20, 1912.]

G. A. C. ROCHESTER, as Administrator etc., Appellant, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, Respondent.[1]

DEATH—ACTIONS—DAMAGES—AFTER MAJORITY OF HEIR—STATUTES —CONSTRUCTION.   Under Rem. & Bal. Code, § 183, providing that in actions for wrongful death on behalf of the widow or children, the jury may give such damages as under all the circumstances of the case may to them seem just, a minor son is entitled to recover for the death of his father such pecuniary loss as the evidence showed he would sustain after his majority; especially in view of the amendment of 1909, adding to the beneficiaries of the statute, parents, sisters and "minor" brothers dependent upon the deceased for support; and the evidence justifies an instruction to that effect where the son was normally defective and the father was not an immoral or improvident man or in bad health.

Appeal from an order of the superior court for King county, Ronald, J., entered June 7, 1911, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff in an action for wrongful death.   Reversed.

*Peters & Powell*, for appellant.

*Morris B. Sachs*, for respondent.

[1]Reported in 122 Pac. 23.

Gose, J.—This action is prosecuted by the administrator of the estate of W. C. Bell, deceased, for the recovery of damages sustained by his heirs in consequence of his death, which it is alleged was caused by the negligence of the defendant. There was a verdict for the plaintiff for $17,500. The court granted a new trial upon the sole ground that he had erred in instructing the jury that, in estimating damages, they could include such pecuniary loss as they might find from the evidence the minor son of the deceased would suffer after attaining his majority by reason of his father's death. The motion for a new trial was denied in all other respects. The plaintiff has appealed from the order granting a new trial.

On April 30, 1910, the respondent was operating an electric railway in the city of Seattle and between that city and the town of Renton. On the date stated, the appellant's intestate lost his life in consequence of a collision between the respondent's passenger car upon which he was riding and one of its freight cars. At the trial of the case, the negligence of the respondent was conceded, and the single question submitted to the jury was the measure of damages. The decedent was forty-six years of age at the time of his death, and his sole heir is a son, fourteen years of age, who is not of normal mentality. He was a lawyer by profession, a resident of Harrodsburg, Kentucky, and had voluntarily retired from the circuit court bench of that state a few months before his untimely death, after having served a term of six years.

The single question presented by the appeal is whether the court erred in instructing the jury that they could allow such pecuniary loss as the evidence showed the son would sustain, after his majority, from the father's death. The cause of action is based upon the statute, Rem. & Bal. Code, § 183. The applicable part of the statute is as follows:

"When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representa-

tives may maintain an action for damages against the person causing the death. *If the deceased leave no widow or issue, then his parents, sisters or minor brothers who may be dependent on him for support and who are resident within the United States at the time of his death, may maintain said action.* . . . In every such action the jury may give such damages, as under all circumstances of the case may to them seem just."

The old statute, Bal. Code, § 4828, was amended by Laws of 1909, page 425, by adding the words which we have italicized. We think the instruction is a correct interpretation of the statute, and that the court erred in granting a new trial. Indeed, we do not think it is susceptible of any other reasonable interpretation. To construe it in any other way would require us to read into it the word "minor" before both the words "heirs" and "issue." There is nothing in the language to indicate in the remotest way that the law-making branch of the government intended such interpolation. Indeed, such construction would be an entire emasculation of the statute. It would lead to the absurd result that, under certain contingencies, an adult dependent sister would have a cause of action, while an adult dependent daughter would not have a cause of action. It cannot be doubted, we think, that, even under the statute prior to the 1909 amendment, the instruction would be correct. As amended, however, it is entirely free from doubt, unless we assume that the legislature intended a limitation which it did not express in words. The fact that it made provision for minor dependent brothers shows clearly that the preceding words were advisedly used. One of two views must obtain. It must be held either that the word "heirs" in the first part of the statute embraces and defines the several classes, "widow," "issue," "parents," "sister," and "minor brothers," or that the words "heirs" and "widow or issue" are intended to be synonymous terms. In either case the instruction is correct.

The trial court granted the new trial because he was of the opinion that the construction put upon the old statute by this court enunciated a principle not in harmony with the instruction. The respondent takes a like view. The cases relied upon as announcing a view not in harmony with the instruction are *Dahl v. Tibbals*, 5 Wash. 259, 31 Pac. 868; *Noble v. Seattle*, 19 Wash. 133, 52 Pac. 1013, 40 L. R. A. 822; *Manning v. Tacoma R. & Power Co.*, 34 Wash. 406, 75 Pac. 994. In the *Dahl* case, the action was prosecuted by the widow and minor children for the recovery of damages for wrongfully causing the death of the husband and father. The only question before the court was the capacity of the plaintiffs to maintain the action. The court, however, said:

"The sole object of such statutes is to give a right of action for damages in favor of, or for the benefit, of those who may be deprived of support and maintenance by death caused by the wrongful 'act or omission of another'."

In the *Noble* case, it was held that there was no right of action in the father and mother for the wrongful death of an adult bachelor son. In that case, also, the court said that the right of action only existed in favor of those heirs to whom the deceased while living owed the legal duty of support. In the *Manning* case, the mother, the father being dead, sought to recover damages arising from the death of her adult bachelor son, alleging that his death resulted from the wrongful act of the defendant. It was held, upon the authority of the *Noble* case, that she had no right of action. The court, however, took occasion to intimate that it did not think the *Noble* case correctly interpreted the statute, but that it would adhere to it on the ground of *stare decisis*. It is apparent that the quotation from the *Dahl* case is only *dictum*, and that the statement of the same nature in the *Noble* case was not called for by the facts before the court. It is also apparent that the court was not called upon to meet the precise question before us in any of these cases. If it may be said that they involved a similar principle, a suffi-

cient answer is, (1) that we are not disposed to extend the rule of these cases beyond their letter, and (2) that we are here construing the law as amended.

The instruction is supported by the following cases from other jurisdictions where the cause of action was predicated upon the allegation that death was caused by the negligence of the defendant: *Redfield v. Oakland Consol. St. R. Co.*, 110 Cal. 277, 42 Pac. 822, 1063; *Valente v. Sierra R. Co.*, 158 Cal. 412, 111 Pac. 95; *Tuteur v. Chicago & N. W. R. Co.*, 77 Wis. 505, 46 N. W. 897; *Tilley v. Hudson River R. Co.*, 29 N. Y. 252; *Galveston etc. R. Co. v. Kutac*, 72 Tex. 643, 11 S. W. 127; *Beaumont Traction Co. v. Dilworth* (Tex. Civ. App.), 94 S. W. 352; *Paris & G. N. R. Co. v. Robinson* (Tex. Civ. App.), 127 S. W. 294; *Missouri, K. & T. R. Co. v. Butts* (Tex. Civ. App.), 132 S. W. 88; *Demarest v. Little*, 47 N. J. L. 28; *Kansas City Southern R. Co. v. Frost*, 93 Ark. 183, 124 S. W. 748; *Petrie v. Columbia & G. R. Co.*, 29 S. C. 303, 7 S. E. 515; *Baltimore & O. R. Co. v. State*, 63 Md. 135; *Lazelle v. Town of Newfane*, 70 Vt. 440, 41 Atl. 511; *Duzan v. Myers*, 30 Ind. App. 227, 65 N. E. 1046, 96 Am. St. 341; *Butte Elec. R. Co. v. Jones*, 164 Fed. 308.

The *Redfield* case was prosecuted by the husband and minor children for damages arising from the death of the wife and mother. The California statute, Code of Civil Procedure, § 377, upon which the cause of action was rested, gave a right of action in such cases to the "heirs or personal representatives" of the deceased. In that case the following instruction was approved:

"The pecuniary interest of children in the lives of their parents does not necessarily end with their arrival at the age of majority; but you may allow for the probable loss of any benefit, if any, of a pecuniary value which the child would probably receive from its mother after its arrival at majority."

The court said, in commenting upon the instruction: "Besides, the statute does not limit the right to prosecute the

action, or to recover damages, to minor children or minor heirs." In the *Valente* case, the California court again ruled that the statute does not limit the right of recovery to minor children, and approved an instruction similar to the one given in the *Redfield* case. In the *Tuteur* case, a recovery was had for the pecuniary loss sustained by adult children for the death of their mother, their father being dead. The statute upon which that action rested gave a right of action to the personal representatives of the deceased person, and directed that the amount recovered should belong and be paid over to the "lineal descendants" or the "lineal ancestors" where neither a husband nor a widow survived the deceased. Sanborn & Berryman's Wisconsin Statutes, 1898, § 4256.

In the *Tilley* case an instruction was approved which directed the jury that, for the wrongful death of the parent, they were at liberty to allow damages to the children through the whole period of their probable lives. The court said:

"Nor do I perceive any sufficient legal reason for limiting the damages to the minority of the children if the jury are legally persuaded they would continue after that age."

The decision was based on a statute permitting a recovery for the benefit of the "widow and next of kin." Laws of New York, 1849, chap. 256. In the *Kutac* case, the right of recovery was not limited to the period of the minority of the children. In speaking of the rights of the adult child of the deceased, the court said: "He was a surviving child of the deceased and the statute makes no distinction upon this ground." The statute referred to authorizes a recovery for the benefit of the "husband, wife, children and parents." Revised Statutes Texas, 1895, art. 3021. In the *Demarest* case, the beneficiaries of the recovery were the adult children of the deceased. The statute in that state permits a recovery to the extent of the pecuniary injury resulting to the "widow and next of kin." In the *Frost* case, the trial court refused to confine the recovery to the damages suffered by the chil-

dren, in consequence of the death of the father, to the period
of their minority. The court said that the right to recover
was limited only by the statute to the damages suffered, "and
not to any period of life." The statute gave a right of re-
covery to the "widow and next of kin." Arkansas Digest,
Kirby, 1904, § 6290. In the *Petrie* case, all of the children
of the deceased were adults. The contention there made, that
no damages could be recovered for their benefit unless they
had some legal claim on the deceased, was held untenable.
The statute permitted a recovery for the benefit of the "wife,
husband, parent, and children" of the deceased. In the *Jones*
case, the ruling of the trial court, extending the right of re-
covery on behalf of the son beyond the period of minority,
was approved. The cause of action arose in the state of
Montana. The court said that the *Redfield* case (California)
was based upon a statute "precisely similar" to the Montana
case, and that the *Tilley* case (New York) was based upon
a statute "similar in effect." The necessary deduction is that
the court construed the words in the California statute
"heirs or personal representatives," and the words in the
New York statute "widow and next of kin," as practically
synonymous.

The respondent has cited the following authorities: *Balti-
more & R. Turnpike Road v. State*, 71 Md. 573, 18 Atl. 884;
*Goss v. Missouri Pac. R. Co.*, 50 Mo. App. 614; *Delahunt
v. United Tel. & Tel. Co.*, 215 Pa. 241, 64 Atl. 515, 114 Am.
St. 958; *Baltimore & P. R. Co. v. Golway*, 6 App. D. C. 143;
*Hoadley v. International Paper Co.*, 72 Vt. 79, 47 Atl. 169;
*Coleman v. Hyer*, 113 Ga. 420, 38 S. E. 962; *Dueber v.
Northern Pac. R. Co.*, 100 Fed. 424.

In the first case cited, the trial court instructed the jury
that the damages should be estimated to the time the children
attained their majority. The defendant appealed. While
the court said the instruction was correct, the question was
not before it for decision. In the *Goss* case, it was held

that the children are only entitled "by law to support of the father during minority." The language of the statute is not set out in the opinion. In the *Delahunt* case, there was a judgment for the plaintiff, and the defendant appealed. The statute is not set forth. The trial court limited the recovery to loss sustained by the children for support and education during their minority. In the *Golway* case, the court held that "prospective gifts" were not recoverable as an element of damages in behalf of adult sons. In the *Hoadley* case, the trial court instructed the jury that, in estimating the pecuniary loss sustained by minor children in the death of their father, the physical, moral, and intellectual instruction and training which they would have received from him had he lived were proper elements for their consideration. The defendant's contention that this was not a proper element of damages was rejected. The question presented in this case was not considered. The *Coleman* case, and other cases cited from the state of Georgia, hold that the word "children" in a similar statute means minor children only. The *Dueber* case is based upon the same facts as the *Noble* case. The respondent has cited a number of Maryland cases which we need not consider, in view of the fact that the later case of *Baltimore & O. R. Co. v. State*, 63 Md. 135, in principle supports the instruction in the case at bar.

The evidence in this case justifies the instruction. It seems hardly necessary to say that, if the deceased had been an immoral and improvident man, or in bad health, so that it would have been mere guesswork for the jury to find that the minor son would suffer any pecuniary loss after his majority, then such an instruction would not be proper. In other words, the facts in the particular case must determine whether the instruction should be given. We think the instruction was correct, and that the court was in error in granting a new trial.

The judgment is reversed, with instructions to enter a judgment upon the verdict.

Dunbar, C. J., Parker, Crow, and Chadwick, JJ., concur.